Derrett *vs.* Bowman.

*Decree affirmed, and*
*cause remanded.*

(Decided 26th March, 1884.)

HENRY DERRETT *vs.* FRANK BOWMAN.

*Specific performance of a Contract of Sale of Land.*

On the 7th of May, 1878, by a contract in writing, D. agreed to sell B. ten acres of land at twenty-five dollars an acre, and the latter gave his note with security, for the purchase money, payable on the 5th of April, 1879, The purchaser took possession, and immediately began to clear the land, and sowed part of it in grain. He afterwards exercised other acts of ownership, and continued in

Derrett *vs.* Bowman.

possession until, May, 1879, when, during his absence, the vendor entered and took possession of the land. Prior to the day on which the purchase money was payable, the purchaser notified the vendor, that he had made arrangements to borrow the money, and it was agreed that they should meet on the 6th of April at the office of a justice of the peace who was to draw the papers. They met at the time and place appointed, and the party who was to advance the purchase money was prepared so to do, but the vendor who had not obtained a deed of the property was unable to convey a title to the purchaser; and a few weeks afterwards he took possession of the land. The vendor had ample security for the purchase money, and the same was ready at any time to be paid upon his execution of a deed to the purchaser. HELD:

That the purchaser was entitled to a specific performance of the contract of sale.

APPEAL from the Circuit Court for Carroll County, in Equity.

The bill of complaint in this case was filed by the appellee as purchaser to obtain from the appellant, as vendor, the specific performance of a written contract for the sale of a tract of land. The Court (JONES, J.) decreed that the defendant should by a good and sufficient deed, convey to the complainant the tract of land in question, and that the complainant should forthwith pay, or bring into Court to be paid, to the defendant, the sum of two hundred and sixty-six dollars and twenty-five cents, the same being ascertained to be due from the complainant to the defendant, on account of the purchase money for said land. The defendant appealed.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, IRVING, RITCHIE, and BRYAN, J.

*William P. Maulsby,* for the appellant.

*J. A. C. Bond,* and *William H. Tuck,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

On the 7th of May, 1878, the appellant, by contract in writing, agreed to sell to the appellee, ten acres of land, at twenty-five dollars per acre.

On the same day, the appellee gave his note with Eli Warner as security, for the purchase money, and took possession of the property. He immediately began to clear the land, and sowed part of it in grain. Afterwards he laid a stone foundation for a dwelling-house, and continued in possession, until May, 1879, when, during his absence, the appellant entered and took possession of the land.

This is a bill by the appellee as purchaser, to enforce a *specific performance of the contract of sale.*

The defence of the appellant rests on two grounds. First, the failure of the appellee to pay the purchase money on the day it was due ; and secondly, his voluntary surrender of the property.

As to the first, the mere *non-payment* of the purchase money on the day it was due, would not in itself deprive the appellee of his right to insist on the specific performance of the contract, for the reason that in a case like this, time is not ordinarily of *the essence of the contract,* the payment of interest in the meantime being considered as a compensation to the vendor. In some cases, time may be material, for instance where there is an express stipulation between the parties to that effect ; or it may be so considered from the nature and character of the property sold, and the object and purposes of the vendor and vendee. Then again one may lose his right to a specific performance, by gross laches and unreasonable delay in paying the purchase money. *Taylor vs. Longworth, et al.,* 14 *Peters,* 172 ; *Pratt vs. Carroll,* 8 *Cranch,* 471 ; *Seton vs. Slade,* 7 *Vesey,* 265 ; *Halsey vs. Grant,* 13 *Vesey,* 73, and *Hipwell vs. Knight,* 1 *Younge & Coll., Ex. C.,* 401. But there is nothing in this case to exempt it from the operation of the general rule.

Derrett vs. Bowman.

But apart from this there does not appear to have been any default on the part of the appellee ; the purchase money was due on the 5th of April, 1879, and prior to that time he notified the appellant he had made arrangements to borrow the money from Henry Warner, and they agreed to meet at Frank Warner's, a justice of the peace, who was to prepare the papers, on the 6th of April. Henry Warner was to advance the money, and the appellant was to give a deed of the property.   On the day appointed Henry Warner went to Frank Warner's with the money, but it turned out that the appellant himself had not obtained a deed of the property, and he was therefore unable to convey the title to the appellee.   He got a deed afterwards, but did not notify the appellee, and a few weeks afterwards he took possession of the land.   The appellant had ample security for the purchase money, and besides, Henry Warner says he was ready at any time to pay the money upon the execution of a deed by the appellant.

In regard to the second point, it does not appear that the appellee ever agreed to surrender the property. Hoff, who seems to be an impartial witness, says that the appellant, and appellee, and Eli Warner, the security on the note for the purchase money, all met at his house late in April, and that the appellant and Warner tried to persuade the appellee to give up the property, which he refused to do.   And in addition to the testimony of the appellee and Eisenhurst, both of whom say that the property was not voluntarily surrendered, we have the written agreement of Eli Warner, made on the 29th of April, by which he agreed to indemnify the appellant from all loss and damage which he might sustain from taking possession of the property.   Eli Warner was the surety on the note, and his agreement was made just before the appellant took possession.   It rather looks as if he was at the bottom of the matter.   Be this as it may,

the proof fails to show that the appellee of his own accord surrendered the property, and for the reasons we have stated, he is, in our opinion, entitled to a specific performance of the contract on the part of the appellant.

*Decree affirmed, and*
*cause remanded.*

(Decided 26th March, 1884.)