(Decided 12th June, 1889.)

---

JOHN S. GILMAN and CHARLES H. ASHBURNER, Trustees of the ABBOTT IRON COMPANY OF BALTIMORE CITY *vs.* NICHOLAS M. SMITH and WILLIAM SCHWARZ.

### *Time, essence of Contract.*

Where property is purchased with the view of expending large sums of money in its improvement, and it is agreed between the vendors and purchasers, that the title, which, as to a portion of the property, is defective, shall be perfected by a particular day, time is of the essence of the contract, and the vendors having failed to perfect the title by the time agreed upon, will not be allowed further time for such purpose.

APPEAL from the Circuit Court of Baltimore City.

Gilman and Ashburner, Trustees *vs.* Smith and Schwarz.

This appeal was taken from a decree of the Court below (WRIGHT, J.,) denying to the petitioners an extension of time to enable them to perfect the title to the lot in the proceedings mentioned. The case is stated in the opinion of this Court.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, IRVING, BRYAN, and McSHERRY, J.

*Geo. Dobbin Penniman,* and *E. J. D. Cross,* for the appellants.

*Geo. R. Willis,* for the appellees.

ROBINSON, J., delivered the opinion of the Court.

We agree with the Court below that time in this case is of the essence of the contract, and that the extension of time asked by the appellants to enable them to perfect the title to the Cannon street lot was properly refused. The facts, shortly stated, are as follows: The appellees bought at public auction of the appellants, as Trustees of the Abbott Iron Company, a lot of ground in Baltimore City known as the "Puddle and Plate Mill Lot." This lot is composed of a number of smaller lots, the titles to some of which were found to be defective, and the appellees thereupon filed exceptions to the ratification of the sale. Subsequently, however, the titles to all the smaller lots were made satisfactory to the purchasers with the exception of the bed of Cannon street, which runs through the entire block of lots as sold, and which street for a number of years had been closed by proceedings instituted by the Abbott Iron Company.

The sale was, in the opinion of the trustees, an advantageous one, and they were anxious therefore that it should be ratified by the Court. Accordingly on the

fourth day of June, 1887, they entered into an agreement with the appellees, by the terms of which the latter were to take a deed of the entire property as sold, and to pay the whole purchase money, $54,500, less the sum of $2,885.40, the estimated value of the Cannon street property, and the appellees further agreed to pay the sum of $2,885.40 thus retained by them, provided the trustees on or before the 1st of October, 1887, tendered to them a complete title to the Cannon street lot. This agreement the trustees made with the consent of the parties in interest, all of whom were *sui juris*, and it was subsequently ratified by the Court.

The trustees were unable, however, it seems, to perfect the title to this lot within the time fixed by the agreement. They did, however, tender to the appellees an unsigned deed, which upon its face purported to convey the interests of certain grantors therein named, with an agreement on the part of one of the grantors to take the necessary proceedings in equity to perfect the title, upon security being given to cover the costs and expenses of the suit. This deed the appellees refused to accept, and the question is whether the trustees are entitled to an extension of time to perfect the title. It is admitted as a general rule, that in the sale and purchase of real estate the fixing a particular day for the completion of the contract is not regarded as of the essence of the contract, for the reason that the general object in such cases being the sale of the property for a given sum, and the purchaser being considered in equity as the owner from the time of signing the contract of purchase, the day named in it for the delivery of the abstract of title is not regarded of the essence of the contract.

But it is equally clear the parties may make time of the essence of the contract. This they may do in express terms, or it may be implied, having in view the

nature and character of the property, and the object with which it is bought. *Hipwell vs. Knight,* 1 *Younge & C.,* 415. It is, after all, a question of intention. Now, in this case, the property purchased was a large and valuable lot in Baltimore City, embracing a number of smaller lots. It was bought by the appellees for building purposes, and when they found the titles to some of the smaller lots defective they asked to be relieved of their purchase. All the titles, however, were made satisfactory with the exception of the Cannon street lot, and the appellees agreed to abide by the sale and to pay the purchase money, less the proportional value of this lot; and they further agreed to pay for it, provided a merchantable title to the lot was tendered to them on or before a day named in the agreement. As they bought the entire property with the view of spending large sums of money in its improvement, it was a matter of importance to them that the title to the Cannon street lot should be completed within a definite time. And now the appellants, instead of tendering a good title to the lot within the time thus fixed and agreed upon, insist that the purchasers shall wait, how long they do not say, but till proceedings are had in equity for the purpose of perfecting said title. Taking into consideration the nature and character of the property and the object, the appellees had in view when they bought it, we are of opinion that the time fixed in the agreement is to be regarded of the essence of the contract, and that the appellants were bound to tender to the appellees a merchantable title within the time agreed upon.

Whether the appellees have answered and demurred to the same subject-matter is not a question, in the view we take of this case, necessary to consider. The real question and one fully presented by the answer, is whether the appellants are entitled under the agrement to an extension of time to enable them to perfect the

title to the lot in controversy, and being of opinion that they are not so entitled, the decree below will be affirmed.

*Decree affirmed.*

(Decided 12th June, 1889.)