# HENRY N. COPP *vs.* MARIE ESTELLE DE RON-CERAY.

*Construction of a Contract Relating to the Time of Making Demand.*

A contract for the conditional sale of land, provided that the purchaser, if not in default, might demand a return of the instalments paid by him upon giving to the vendor or his representative a written request for the return of the same between the first and fifteenth days of June, 1894. The purchaser wrote to the vendor on June 1, making formal demand for repayment, and also on June 5, stating that the letter of June 1, making the demand, had been delivered to vendor's clerk. On June 7, the vendor acknowledged receipt of the letter of June 1, on the last named day. *Held*, that the purchaser had made the demand within the time specified by the contract, and was entitled to recover the instalments paid.

Appeal from the Circuit Court for Montgomery County. The case is stated in the opinion of the Court. At the trial the Court below (McSHERRY, C. J., HENDERSON and LYNCH, JJ.,) ruled that the letter dated June 1, 1894, and the letters dated June 5 and 7, 1894, are a sufficient compliance as to notice with the requirements of the contract to entitle the plaintiff to have the money refunded. The defendant appealed.

The cause was argued before BRYAN, FOWLER, BRISCOE and ROBERTS, JJ.

*S. D. Luckett* (with whom were *H. M. Talbott* and *W. H. Talbott* on the brief), for the appellant.

We base our contention that the Court below erred in granting plaintiff's prayers, upon the following propositions :

1. The time within which the demand contemplated by this contract was to be made, was of the essence of the contract.

2. The provision of the stipulation sued on to the effect that demand must be made "between the first and fifteenth

days of June, 1894," was not fulfilled by a demand made on June 1, 1894. 3. The letters of June 5 and June 7, 1894, respectively, did not constitute a demand within the meaning of this contract.

The word "between" has several meanings, and is applied to persons or things, to space and to time. The authorities are absolutely uniform that when used in reference to two periods of time it is exclusive of both *termini*. An act which is required to be done between two dates or periods of time mentioned, cannot be done on *either* of the dates and fulfill the requirement. The rule is thus stated in 2 Am. and Eng. Enc. of Law, 187: "Of time: If an act is to be done between two certain days, it must be performed before the commencement of the latter day. In computing the time in such a case, *both* the days named are to be excluded." And we quote from the following cases on this point: "But 'between,' when properly predicable of time, is intermediate, and strictly does not include in this case, either the 7th of December or 1st of March. 'Between two days' was exclusive of both." (*Bunce* v. *Reed*, 16 Barb., N. Y., 347.) "A policy of insurance on goods to be shipped between two certain days, does not cover goods shipped on either of those days." *Atkins* v. *The Boylston Fire and Marine Ins. Co.*, 5 Metc., Mass., 439.) "In computing the time in such a case, both the days named are to be excluded. A grant of land described as lying between two lots would not embrace either of the lots." (*Richardson* v. *Ford*, 14 Ill., 333.) See, also, to the same effect, the following cases: *Cook* v. *Gray*, 6 Ind., 335; *Newby* v. *Rogers*. 40 Ind., 9; *Willey* v. *Laraway*, 64 Vt., 566; *D. S. & W. R. Co.* v. *Mfg. Co.*, 53 N. J. L., 205; *Fowler* v. *Rigney*, 5 Abb. Pr., (N. Y.) 182; *Bemis* v. *Leonard*, 118 Mass., 502; *Kendall* v. *Kingsley*, 120 Mass., 95; *Robinson* v. *Foster*, 12 Iowa, 189.

The contract stipulated that " *a request for the return* of the purchase money " should be presented to Henry N. Copp " *between* the first and fifteenth days of June, 1894." The issue is, was this request made? The issue of fact is clear-

cut and simple.   The evidence in the case, of course, must be construed in the light of the issue joined.   It was offered to sustain plaintiff's allegation that she complied with the terms of the contract.   If it does not sustain that allegation she must fail.   It cannot be said that the evidence sustains an entirely different theory of the case from that pleaded, and that plaintiff should have judgment on that other theory. As we have already said, this case was argued below as though the defendant's letter of June 7, 1894, had been introduced in evidence to sustain a replication of estoppel as against him.   It was contended that to allow him now to deny the giving of notice in accordance with the terms of the contract, after writing and sending said letter, would be to permit him to perpetrate a fraud on plaintiff below.   Without for an instant conceding that there is any possible force in such a view of the case, what we now insist upon is that if plaintiff intended to depend upon this letter as matter in estoppel, it should have been so pleaded in the replication. Estoppel *in pais* must be set up in the pleadings.   *Philadelphia, Wilmington and Baltimore R. R. Co.* v. *Howard,* 13 How. 307.

*Thos. Anderson* (with whom was *W. Viers Bouic* on the brief), for the appellee.   The Court declined to hear counsel for the appellee.

BRISCOE, J., delivered the opinion of the Court.

Miss deRonceray, the appellee, brought suit in the Circuit Court for Montgomery County against Henry N. Copp, appellant, and recovered a judgment for $800.31, with interest from March 22, 1895.   The suit was instituted upon a written contract under seal, for the conditional sale of certain lots in "West End Park," near Rockville, in Montgomery County.   There is but a single question raised by the pleadings in the cause, and it arises upon the following clause of the contract:   " It is further agreed by said Henry N. Copp to refund the purchase money paid prior to June 1st, 1894,

on the following terms and condition: The lot purchaser must have complied strictly with the terms of sale herein prescribed, up to and including the month of May, eighteen hundred and ninety-four, and paid each and every instalment due to said month inclusive, personally or by representative. The lot purchaser thereupon must present to said Henry N. Copp or his representatives, in writing, between the first and fifteenth days of June, 1894, a request for the return of the purchase money paid theretofore. This shall not include commissions, credits or sums paid as fines for delay in making payments. No excuse whatever will be accepted for failure to give the written notice aforesaid, between the first and fifteenth days of June, 1894, and all who do not give said notice as above specified, will be forever barred." The declaration alleges a compliance with the terms of the contract as to the payment of the purchase money, and a written request for a return of the money between the first and fifteenth days of June, 1894.

The only plea interposed on the part of the defendant, is that the demand for the return of the money was not made at the time specified in the contract. It is conceded that the appellee complied with the terms of the contract in the payment of all the monthly instalments from the date of the contract, and including the instalment for the month of May, 1894. And certain letters from the appellee to the appellant, dated the first and fifth day of June, 1894, respectively, and a reply thereto, dated the 7th day of June, 1894, from the appellant, are in proof, as evidence of demand under the contract. The Court below sitting as a jury ruled as a matter of law, that the letter dated June 1st, 1894, and the letters dated June 5th and June 7th, 1894, were a sufficient compliance as to notice with the requirements of the contract to entitle the plaintiff to have the money refunded to her, and that the plaintiff was entitled to recover. The contention of the appellant here is, that the Court erred in granting the plaintiffs prayers, because a demand made on June 1st, 1894, was not a compliance with the

terms of the contract, requiring a demand between the first and fifteenth of June, 1894.

The prayers, however, it seems to us, are free from objection and contain the law of the case. It is well-settled, as a general rule, that in the sale and purchase of real estate the fixing a particular day for the completion of the contract is not regarded as of the essence of the contract. The parties may make it so, in express terms, or it may be implied, having in view the nature and character of the property and the object with which it is bought. "It is, after all," says this Court in *Gilman, &c., Trustees,* v. *Smith,* 71 Md. 174, "a question of intention." But under the facts of the case now under consideration, even assuming that time was of the essence of the contract, we are clearly of the opinion that this condition of the contract was complied with. The letter of June first, written by the appellee, made a formal demand for the return of the purchase money in accordance with the terms of the contract, and was amply sufficient. This was followed, however, by a letter of June 5th, of the same year, in these words, "In accordance with our agreement on March 6th, 1890, I, on Friday last, June 1st, delivered to one of your clerks, Miss Gilbert, for you a formal notification of my withdrawal from said agreement. Will you have the kindness to inform me if you have received this." And upon this letter the appellant wrote, on June 7th, "I beg leave to reply, that your notice of June 1st was received on the day specified. Shortly after the 15th instant, I will formally reply, when I know the number who intend to apply for refund." The letter of the 5th of June, 1894, makes the demand of June first a part of that letter, and was equivalent to a demand in writing as of the fifth of June, 1894, and a compliance in respect to time, with the condition of the contract. But apart from this, the letter of the 7th of June, which acknowledged the receipt of the letters of June 1st, and of the 5th of June, 1894, was clearly the recognition of a demand in the pos-

session of the appellant, as of the 7th of June, 1894. And whether the demand be considered as of the 5th or of the 7th of June, 1894, it is not necessary for us to consider for the purposes of this case, because in either event it would be a sufficient notice and a compliance with the contract as to time.

Being then of the opinion that the demand under the facts of this case for the payment of the money was sufficient under the contract to entitle the plaintiff to recover, the judgment will be affirmed.

*Judgment affirmed with costs.*

(Decided December 5th, 1895.)