# ACME BUILDING COMPANY

## *vs.*

# JOSEPH B. MITCHELL.

*Sales of land: payment of purchase price; when time is of the essence.*

A stipulation as to the time of payment of the purchase price is not ordinarily regarded as imposing a condition which requires strict and punctual performance in order to entitle the vendee to have the sale consummated.                    p. 408

The general rule is that time is not of the essence of such a contract, unless a contrary purpose is disclosed by its terms, or is indicated by the circumstances and object of its execution and the conduct of the parties.                    pp. 408-409

In every instance it is a question of intention to be determined from the facts of the particular case.                    p. 409

In this case it was: *Held,* that the covenant as to the time of settlement was of the essence of the contract and its due observance a prerequisite for the maintenance by the vendee of a suit for specific performance.                    p. 411

*Decided December 13th, 1916.*

Appeal from the Circuit Court of Baltimore City. (Dobler, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*David Ash*, for the appellant.

*Edwin W. Wells,* for the appellee.

URNER, J., delivered the opinion of the Court.

By an agreement in writing under seal, dated April 20, 1915, the appellee sold to the appellant company, for the sum of $35,000, a tract of land containing about seven acres, in the suburbs of Baltimore. The land was laid off in building lots, which were described on a plat attached to the agreement. A deposit of $150 on account of the purchase was made at the time of the sale. It was stipulated that the further sum of $2,350 should be paid when the title was transferred, and that settlement should be made within forty days from the date of the contract. There was a provision that the cash deposit, and the second sum to be paid the vendor, aggregating $2,500, should be applied to the partial payment of a mortgage for $23,000, to which the property was subject and which the vendee covenanted to assume, and that ten of the building lots should thereupon be released from the lien of the mortgage, in pursuance of a contemporaneous agreement between the vendor and the mortgagees to that effect. The assumption of the mortgage by the vendee was to be treated as a payment to that extent of the purchase price of the property. The balance of the price, amounting to $12,000, was agreed to be secured by a second mortgage on the land and to be paid, without interest, in three and a half years from the date of the conveyance. In the agreement made by the first mortgagees with the vendor, in contemplation of the sale, it was provided that building lots, to the number of ten or more at a time, should be released from

the lien of the mortgage upon payments being made by the vendee at the rate of $250 for each lot thus redeemed. A covenant in the contract of sale obligated the purchaser, within one year after the transfer of the property, to pay $11,000 on the first mortgage, including the $2,500 paid to the vendor and by him applied to that lien, and during the second year after the sale to make payments to the amount of $11,500 on the same indebtedness. After the satisfaction of the first mortgage, the vendee company was authorized by the contract to procure releases of lots from the second mortgage by the payment of $170 per lot to the holder of that security.

The settlement for which the contract of sale provided was not made or proffered by the vendee within the forty day period therein prescribed. The vendor, through his attorney, had been urging prompt compliance with the terms of sale, but the vendee was not ready to comply at the expiration of the time agreed upon for that purpose. About ten days later a proposal was made by the vendee's representative that a day be named for the settlement, but in the meantime, after further unsuccessful efforts to have the matter closed, the vendor had been engaged in negotiations which resulted shortly afterwards in a sale of the property to another purchaser at the same price.

The pending suit was brought by the first vendee to enforce the specific performance of the agreement of sale by the vendor, and the sole question involved is whether the limitation of time for the completion of the transaction was of the essence of the contract.

There is no dispute as to the principles of law applicable to a case of this character. A stipulation as to the time of payment of the purchase price is ordinarily not regarded as imposing a condition which requires strict and punctual performance in order to entitle the vendee to have the sale consummated. The general rule is that time is not of the essence of such a contract, unless a contrary purpose is disclosed by its terms or is indicated by the circumstances and

object of its execution and the conduct of the parties. It is in every instance a question of intention to be determined upon the facts of the particular case. *Diamond* v. *Shriver*, 114 Md. 648; *Scarlett* v. *Stein*, 40 Md. 512; *Gilman* v. *Smith*, 71 Md. 173; *Copp* v. *DeRonceray*, 82 Md. 39; *Maughlin* v. *Perry*, 35 Md. 359; *Derrett* v. *Bowman*, 61 Md. 528; *Wilson* v. *Herbert*, 76 Md. 489.

In the present case it was decided by the Court below that, under the circumstances shown by the proof, a decree for specific performance ought not to be passed, and our review of the record has brought us to a similar conclusion.

It appears from the evidence offered by both parties to the agreement that the question as to the time limitation for the settlement was a distinct subject of negotiation. A proposal by the vendee that sixty days be allowed was declined, and the time was fixed at forty days with the understanding that the transaction would be put through rapidly and closed in a shorter time if possible. According to the testimony of the vendee's manager, there was an understanding when the terms of sale were agreed upon that a few days or even as much as a week beyond the stipulated time would be allowed for the settlement, if necessary. This was denied on the part of the vendor, but if the vendee's theory upon this point be accepted, it is nevertheless an undisputed fact that the additional and extreme limit of time thus alleged to have been set was also exceeded. The testimony shows that the vendor had substantial reasons for insisting upon an early settlement. The land was adapted and designed for use as suburban residence sites, and could not be sold to the best advantage as a whole except to a purchaser proposing to develope the property by extensive building operations. Upon the apparently reasonable theory that such an enterprise would be more readily undertaken in the spring of the year than at a later season, the vendor was unwilling to leave the matter unsettled for a longer period than the one designated, because of the probability that if a default should occur, another purchaser

of the property, upon equally satisfactory terms, could not then be procured. A further reason for requiring a prompt settlement was that the vendor would be thereby relieved under the agreement of the heavy burden of interest charges on the mortgage for $23,000 on his unproductive land. This was in fact his main inducement for making the sale at that time. The anxiety of the vendor to have the purchase closed within the period agreed upon was constantly impressed on the vendee's representative, by whom repeated assurances were given that arrangements for the settlement would be hastened. In order to comply with the terms of sale within the forty days, the vendee company had simply to pay $2,350 and execute a second mortgage for $12,000. The failure to settle in the stated period was attributed to delays encountered by the company in making preliminary plans for the improvement of the property and in negotiating a loan to provide for the erection of residences and the payment of the stipulated sum of $2,350 on account of the purchase money. These causes of delay were not such as to exempt the vendee from the contractual duty of making settlement within the time specified. The agreement as to the forty day limitation was not contingent upon the vendee's ability to obtain a loan or to complete the improvement plans within that period. No practical necessity is shown for maturing the plans of development before the transfer of the title. The manager of the company testified that it could have raised the money for the cash payment at any time, and there was consequently no valid reason why it should not have punctually performed the agreement according to its terms. After the contract period had expired, the vendor continued for some days to invite the vendee to consummate the transaction, and it was not until this further opportunity had been afforded, and the vendor had lost faith in the ability of the vendee to finance the undertaking, that the property was sold for the same amount to another purchaser. In his answer to the bill of complaint the vendor offers to repay the deposit of $150 he

received at the inception of the contract, after making a deduction of the proportionate amount of taxes and interest which accrued in the interval between the expiration of the first and the execution of the second agreement of sale.

It is reasonably clear that the stipulation as to the period within which settlement was to be made in this case was not intended simply as the appointment of a suitable time for the payment of the purchase money, but was induced by special considerations affecting the vendor's interests.     In view of the objects it was designed to secure, and the conduct of the parties reflecting upon its materiality, it could not well be regarded as a mere non-essential provision.     Under all the circumstances of the case we think the covenant as to the time of settlement should be held to be of the essence of the contract and its due observance a prerequisite to the maintenance by the vendee of a suit for specific performance.

The cases of *Wilson* v. *Herbert, supra,* and others cited by counsel for the appellant, in which time was found not to be an essential element of the contracts there under inquiry, were widely different in their facts from the case we are now deciding.

*Decree affirmed, with costs.*