Concluding the Cases of the October Term, 1916, the Cases of
the January Term, 1917, and beginning the Cases of
the April Term, 1917.

MARIE JAEGER and CARL JAEGER, Her Husband,

*vs.*

EDWARD T. SHEA.

*Contract for Sale of Land: Time,—when not of essence. Statute
of Frauds: Signature of vendee not necessary.
Commissions to Brokers.*

Unless it appears by the facts of the case, or the contract
itself that time was of the essence of a contract for the sale of
land, a mere delay, that is not unreasonable, in compliance with
the terms of the contract is not ground for refusing a decree for
specific performance. p. 3

In such cases where performance is delayed, the allowance
of interest is sufficient compensation. p. 4

In Equity the allowance of interest is usually a matter of
discretion for the Court, except in cases where interest is recov-
erable as a matter of right. p. 7

Under the Statute of Frauds, a contract for the sale of land
need not be signed by the vendee, in order for it to be binding
on the vendor; and the absence of such signature is not a de-
fense against a bill for specific performance. p. 5

There was an agreement between the complainant and de-
fendants by which the latter were to sell to the former a half
interest in a certain farm; on a bill brought by the complainant
for a decree for the specific performance of the agreement, it
was: *Held,* that it was no defense to the bill that it appeared
that the complainant had acted as agent in the sale of the prop-
erty to the defendant, and had received a commission as such.
p. 6

*Decided January 10th, 1917.*

Appeal from the Circuit Court for Prince George's Coun-
ty. In Equity. (BEALL, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BURKE,
URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Clarence M. Roberts,* for the appellants.

*T. Van Clagett* and *Frank M. Stephen* (with whom was
*M. Hampton Magruder* on the brief), for the appellee.

URNER, J., delivered the opinion of the Court.

The decree from which this appeal is taken provides for
the specific performance by the appellants, Marie Jaeger and
Carl Jaeger, her husband, of their agreement to sell to the
appellee a half interest in a farm owned by Mrs. Jaeger in
Prince George's County. The agreement is in writing and
is dated June 5, 1914, the title to the farm having been con-
veyed the same day to Mrs. Jaeger at the instance of her
husband who had purchased the property from the Washing-
ton Loan and Trust Company. It was stipulated in the
agreement that for the half interest sold to the appellee, he
should pay one-half of the price at which it had just been
acquired by the vendors. At the foot of the agreement, and
bearing the same date, is a receipt, signed by the appellants,
acknowledging the payment by the appellee of one hundred
and fifty dollars on account of the purchase price for a half
interest in the property. It appears without dispute in the
testimony that the farm was conveyed to Mrs. Jaeger for a
consideration of $5,000, of which $2,000 was paid in cash,
and the balance was secured by a deed of trust providing for
its payment in three years with interest, at the yearly rate
of five per cent., payable semi-annually. The testimony is
also in full accord to the effect that the purchase price,
amounting to $2,500, for the half interest bought by the

appellee, was to be paid in cash to the extent of $1,000, including the advance payment of $150 mentioned in the receipt we have referred to, and that the payment of the remaining $1,500 was to be represented by the appellee's assumption of one-half of the indebtedness of $3,000 secured by the existing deed of trust. No time was stated in the agreement for the payment of the cash balance of purchase money, the assumption of a proportionate liability under the deed of trust, and the conveyance to the appellee of a half interest in the title. This omission in the agreement was partly covered by the appellants' acceptance of the appellee's promissory note, maturing in three months, for the deferred cash payment of $850. About three weeks after the note became due the appellee notified the appellants that he was ready to make settlement, and left with them the draft of a deed to be executed by them conveying to his wife, by whom the funds were furnished, the interest he had purchased in the farm, and providing for the vendee's equal assumption of the debt secured by the deed of trust, and requested them to meet him the next day at his solicitor's office to complete the transaction. The appellants failed to appear at the place and time appointed, and have ever since refused to make the desired conveyance.

The main objection urged in the pleadings against the specific performance of the agreement is that the plaintiff did not offer to comply with the terms of the sale at or before the maturity of the promissory note given for the deferred payment of puchase money. This is not an adequate ground of defense under the circumstances shown by the proof. Time was manifestly not of the essence of the contract. There is nothing in the terms of the agreement, or in the evidence before us, to show that settlement at the maturity of the note, or before that time, was designed to be an absolute condition of the consummation of the purchase. The rule is definitely settled that time of payment is not of the essence of such an agreement, unless it is so made by express stipulation, or

unless the intention that it shall be so regarded is apparent from the circumstances of the transaction, the conduct of the parties, or the special purpose for which the sale was contracted. *Acme Building Co.* v. *Mitchell,* 129 Md. 406; *Diamond* v. *Shriver,* 114 Md. 648; *Scarlett* v. *Stein,* 40 Md. 512; *Gilman* v. *Smith,* 71 Md. 173; *Copp* v. *De Ronceray,* 82 Md. 39; *Maughlin* v. *Perry,* 35 Md. 359; *Derrett* v. *Bowman,* 61 Md. 528; *Wilson* v. *Herbert,* 76 Md. 489. In the case now before us the agreement of sale itself does not fix any time of payment, and in the absence of such a provision, the rule is that settlement must be made within a reasonable time, which in this instance, upon the facts, does not appear to have been exceeded. *Lawson* v. *Mullinix,* 104 Md. 169; *Aetna Indem. Co.* v. *Fuller Co.,* 111 Md. 349; *Wheeler* v. *Harrison,* 94 Md. 147. But if the promissory note, given contemporaneously with the signing of the agreement of sale, is treated as one of its provisions for the purpose of indicating the time for settlement, the case is nevertheless devoid of any feature which might exempt it from the operation of the general rule we have stated In *Wilson* v. *Herbert, supra,* this Court used language which we quote as appropriate to the pending issue. It was there said: "In the present case there is nothing to distinguish the stipulation for payment from that which ordinarily occurs in contracts of sale. There was no intrinsic purpose, which would be defeated by delay; nor was there a condition that the contract should thereby be rendered null and void. The substantial part of the contract was that the vendor should be paid his price for his property; and there was no special or important object to be attained by payment of the money at a precise point of time. * * * Interest is the compensation which the law adjudges to be the proper measure of the injury caused by failure to pay money at the time when it becomes due. This is one of the cases to which the maxim may justly be applied that 'the doctrine of equity is not forfeiture but compensation.' "

Another contention is that the contract of sale is void for want of mutuality because it was not signed by the vendee. The same condition existed in *Engler* v. *Garrett,* 100 Md. 387, but it was held that the purchaser was entitled to have the agreement enforced. The Court disposed of the point that the contract was not mutual, as follows: "It is said that it is not signed by the plaintiff, but this is not necessary even under the *Statute of Frauds,* which only requires the signature of the party to be charged. 'There may be a mutual contract to which both parties have given their assent, though the evidence of such assent may exist in a different form as to the two parties. As to one, it may be verbal, while the other's is expressed by his signature in writing.' *Waterman on Specific Perf,* sec. 201. The testimony as to the plaintiff's acceptance of the contract is ample, and besides this, if there had been doubt on this question, it disappeared when he filed his bill to enforce it." In *Brewer* v. *Sowers,* 118 Md. 681, the decision from which we have just quoted was cited by CHIEF JUDGE BOYD in support of the ruling that an exercised option to purchase, under an agreement signed only by the vendor, is mutually binding and enforceable. The same conclusion had previously been reached in the case of *Thomas* v. *The G. B. S. Brewing Co.,* 102 Md. 424. There can be no question in this case as to the vendee's acceptance and part performance of the contract of sale, and the objection that it is not mutual must therefore be overruled.

It is further contended that the suit is not maintainable because the plaintiff acted as agent of the Washington Loan and Trust Company in effecting the sale of the property in question to the defendants, and was paid a commission by the Company for that service, although at the time he was thus representing the vendor, he had an understanding with the defendants, as vendees, that he was to have an equal interest in the purchase and was to apply his commissions upon the price contracted to be paid. The conduct of the plaintiff, in thus assuming to represent conflicting interests in the trans-

action which resulted in the acquisition of the property by
the defendants, is said to have the effect of vitiating the
agreement sought to be enforced in this suit. The real estate
officer of the Washington Loan and Trust Company testified
that the commissions were paid to the plaintiff as a broker
who produced a purchaser of the property at a price which
the company was willing to accept, and the witness could not
say that the commissions would not have been paid if the
plaintiff's interest in the purchase had been disclosed, as such
payments had sometimes been made in the case of sales to
brokers. But even if the action of the plaintiff in reference
to those negotiations may be regarded as a breach of his duty
to the vendor in that sale, for which the latter might have
had suitable redress, yet it is not available to the defendants
as a ground for refusing to perform their independent agree-
ment with the plaintiff to sell him an interest in property
acquired under a purchase which has been fully consum-
mated. *State* v. *B. & O. R. R. Co.,* 34 Md. 344; *Brooks* v.
*Martin,* 2 Wallace, 70; *Brantly on Contracts,* 245; 9 *Cyc.*
257; 6 *R. C. L.* 217.

The decree passed by the Court below provided for the
assumption by the plaintiff of one-half of the indebtedness
of $3,000 secured by the deed of trust, which the defendants
had satisfied after the filing of the bill of complaint, and
for the payment by the plaintiff to the defendants of the
sum of $850 as the cash balance due under the contract of
sale, with interest thereon from the date of that agreement
to September 21st, 1914, at which time the plaintiff's offer
to make the payment and settlement was virtually rejected
by the defendants' failure to meet him for that purpose. It
is claimed that interest should have been allowed for a longer
period because the fund intended to be applied to the pay-
ment was not kept available for that object but was after-
wards devoted to other uses. In *Brewer* v. *Sowers,* 118 Md.
681, where the Court had under review a decree for the
specific performance by the vendors of an agreement for the

sale of land, it was held that the decree properly omitted to allow the vendors interest on the unpaid purchase money because they were still in possession of the property, and, as CHIEF JUDGE BOYD observed, they had no one to blame but themselves for not receiving the money sooner. The question as to whether or not interest shall be allowed is discretionary with the Court in equity cases, except where it is recoverable as a matter of right. *Corrington* v. *Basshor,* 119 Md. 382; *Frank* v. *Morrison,* 55 Md. 409; *Hammond* v. *Hammond,* 2 Bland, 306. In this case we think such a discretion existed and was properly exercised.

It was argued also that the plaintiff's proffer to make settlement for the purchase was not sufficient because the deed tendered by him to the defendants for execution named his wife, instead of himself, as the grantee. This was not a ground on which the defendants refused to perform the agreement, nor does their formal answer rely upon it as defense, and we do not think the objection is now available, even if, under the circumstances, it could have been properly raised in the first instance.

The point was made that the purchase price to be paid by the plaintiff was never tendered. In a proceeding of this kind it is not necessary to allege and prove a technical tender, but the averment in the bill of complaint of the purchaser's readiness and ability to comply with the contract of sale is sufficient. *Chicora Fertilizer Co.* v. *Dunan,* 91 Md. 163; *Maughlin v. Perry,* 35 Md. 358; *Smoot* v. *Rea,* 19 Md. 406.

After the defendants agreed to sell a half interest in the farm to the plaintiff, a portion of the tract was sold to another person, and the decree correctly admits the plaintiff to the equal benefit of that contract.

As we are unable to sustain any of the objections and defenses which have been interposed, the decree for specific performance will be affirmed.

*Decree affirmed, with costs.*