LEVY ET UX *v.* BAETJER ET AL.

[No. 171, October Term, 1950.]

*Decided June 15, 1951.*

The cause was argued before MARBURY, C. J., and COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*William Saxon,* with whom was *Nathan Hamburger* on the brief, for the appellants.

The Court declined to hear argument for the appellees.

*Harry N. Baetjer,* on the brief, for the appellees.

MARBURY, C. J., delivered the opinion of the Court.

This is a bill for specific performance filed by the appellants against the appellees. A demurrer, filed to the bill, was sustained, and the bill dismissed. The complainants then took this appeal.

Appellees, being then the owners, made an agreement in writing on the 19th day of April, 1950, to sell about fourteen acres of land in Baltimore County to the appellants. The purchase price was $4,250.00, of which $500.00 was paid prior to the signing, and the balance was to be paid on the date of settlement. The contract

provided for "settlement to be made on or before July 10, 1950". It was also provided that the contract was contingent upon the purchasers being able to obtain a right of way into the property across some adjacent property, for a consideration of not more than $500.00. If the right of way could not be obtained prior to the settlement date, the contract provided that it should be null and void. It was also provided that time was of the essence of the agreement.

On April 26, 1950, Howard Baetjer wrote to the real estate broker who was handling the transaction (apparently for the appellants), and called attention to the fact that he expected to be out of the city of Baltimore during June and the first two weeks of July. He said if the exact date was of importance to the purchasers, they could have the deed prepared and he could sign it before he left, and Walter Baetjer could then sign it at the proper time. On May 24, 1950, the real estate broker wrote to Howard Baetjer requesting an extension to August 1st, 1950, and Mr. Baetjer replied to this under date of May 29th, and agreed to this extension. On July 20, 1950, the real estate broker wrote to Mr. Baetjer and said there was considerable difficulty in acquiring the right of way and requested an extension of the date of settlement to September 15. There was no reply to this letter, but, on August 7, 1950, after the date of settlement, the appellants offered the broker a check for the payment of the purchase price, with instructions to obtain the deed without the contemplated right of way. The broker visited Howard Baetjer on the same day, but was advised by the latter that he would have to let him know later. Four days later, on August 11th, Mr. Baetjer called the broker and told him that the property was sold. Appellants contend that these facts constitute fraud and a conspiracy with an adjoining owner to the detriment of their interest, and that the appellees, by their "fraudulent, deliberate and intentional failure to immediately answer the letter" to the broker, dated July 20, 1950, lulled the appellants into the belief

that the request was granted, and that therefore there was no obligaation to pay the purchase price on or before August 1st.

There is an allegation in the bill of complaint that the broker, in preparing the agreement, failed to strike out the words, "time being of the essence of the agreement", although he knew that this did not represent the exact intention of the parties. It is sufficient to say, as to this contention, that it is much too indefinite, and, in a case in which the appellants stand on their original contract, they cannot at the same time seek to have it reformed into something very different. Appellants also contend that when the time of the original contract was extended to August 1st, that extension waived the provision "time is of the essence". We cannot agree with that point of view. The change of date fixed a new time by which the settlement must be made, but it did not in any way waive the requirement that the settlement must be made by the date fixed. The fact that the extension was asked for and given in writing indicates that the appellants knew that unless this was done, they would have no right to get the deed for which they contracted after the date fixed in the contract.

As to the allegation that the failure of appellees to answer the letter asking for an extension to September 15th constituted fraud on their part, we can find no basis for that contention. There are cases which hold that under some circumstances a party may be bound to something by failure to speak when he should, but we are aware of no case which states that a party to a contract is under any duty to answer a letter asking for an extension of time, or that his failure to answer such a letter constitutes fraud. The remedy was entirely in the hands of the appellants and was to make a tender on or before the final date. This they did not do.

The decree will be affirmed.

*Decree affirmed with costs.*