TRITON REALTY COMPANY *v.* FRIEMAN ET UX.

[No. 202, October Term, 1955.]

*Decided June 11, 1956.*

The cause was argued before BRUNE, C. J., and DELA-PLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Solomon Liss,* with whom was *Edward S. Margolis* on the brief, for the appellant.

*Joseph Loeffler,* with whom were *David Friedman* and *Albert C. Bard* on the brief, for the appellees.

Collins, J., delivered the opinion of the Court.

This is an appeal by Triton Realty Company, appellant, from a decree dismissing its bill of complaint against Morris Frieman and Marie Frieman, his wife, appellees, for specific performance of a contract for the sale of real estate.

On July 7, 1955, the appellees entered into an agreement of sale with the appellant by which the appellees agreed to sell and the appellant agreed to buy certain real estate in Baltimore City, subject to a ground rent of $90.00, for the price of $9,200.00, $500.00 of which amount having been paid prior to the signing of the contract. The balance of the purchase money was to be paid in cash "at time of settlement which shall take place on or before (60) Sixty days from the date hereof, at which time possession of the entire premises shall be given. * * * AND upon payment as above provided of the unpaid purchase money, a deed for the property containing covenants of special warranty and further assurance shall be executed at the Buyer's expense by the Seller, which shall convey the property to the Buyer." The contract further provided: "This Contract contains the final and entire Agreement between the parties hereto, and neither they nor their Agents shall be bound by any terms, conditions or representations not herein written; time being of the essence of this Agreement."

The appellant did not tender the purchase price or notify the appellees that it was ready for settlement within sixty days from the date of the contract, nor did the appellees notify the appellant that they were ready for settlement on that date. On September 23, 1955, eighteen days after the date for settlement set out in the contract, the appellees by their attorney notified the appellant by letter "* * * that inasmuch as the property has not been settled for within sixty days thereof as stipulated in the contract—time being of the

essence of the contract—they regard said contract as of no further effect and will retain the deposit of $500.00, the earnest money paid by you, for their damages." On September 29, 1955, the appellees by their attorney wrote the appellant another letter, supplementing the one of September 23rd, which stated that despite the fact that the appellees had the right to forfeit the $500.00 payment, they nevertheless felt that they did not want to retain this sum. Enclosed was a check in the amount of $500.00 and the letter stated that this return was made so that the appellant would not suffer any loss by reason of its failure to settle for the property in accordance with the terms of the contract. On the same day, September 29, 1955, the appellees entered into a contract to sell the same property to other parties for $11,500.00.

On October 5, 1955, the appellant filed a bill of complaint against the appellees for specific performance of the contract of July 7, 1955, aforesaid. The chancellor, in dismissing that bill of complaint with costs, by decree said: "Gentlemen, I do not see how in the world I can grant you relief under the cases. If the specific performance had been in the reverse direction, that would be another thing, but the burden is on you to show that you were ready and you have not shown that you were ready." From his decree dismissing the bill appellant appeals.

The attorney for the appellant testified that he informed the attorney for the appellees on September 23rd when he received the letter of that date that appellant could settle any time appellees wanted it to do so. He had not notified appellees before that date that appellant was ready for settlement. The lien sheets on the property were not ordered until September 14th and were dated September 16th. The appellant did not complete its title examination of the property until September 21st. Appellant was never notified that appellees were prepared to give possession of the premises. Mr. Morris Frieman, one of the appellees, testified that he was ready to deliver possession on the date required in the contract.

In a contract for the sale of land, when time is expressly declared to be of the essence, a court of equity will ordinarily not grant specific performance where the purchaser has failed to make payment within the time specified in the contract. *Soehnlein v. Pumphrey,* 183 Md. 334, 37 A. 2d 843. It was said by this Court in *Tarses v. Miller Fruit & Produce Co.,* 155 Md. 448, 142 A. 522: "Here the parties agreed that the contract would be performed within sixty days and expressly stipulated that time was the essence of the contract. When, as in the appeal at bar, time is not inserted as a merely formal part of the contract but is specifically and explicitly declared to be the essence of the contract, the court will not lend its aid to enforce specifically the contract regardless of the limitation of time. *Miller's Equity Proc.,* sec. 663; *Fry on Specific Performance* (3rd ed.), secs. 1075, 1077, 1090; 2 *Story's Eq. Juris.* (14th ed.), secs. 1064, 1059; 4 *Pomeroy's Eq. Jur.* (4th ed.), sec. 1408; *Coleman v. Applegarth,* 68 Md. 21, 27, 28; *Derrett v. Bowman,* 61 Md. 526, 528; *Acme Building Co. v. Mitchell,* 129 Md. 406, 411."

At the time of the signing of the contract on July 7, 1955, the appellees had purchased a new home in Baltimore which was "being finished". At the time of the signing of the contract one of the appellees, Morris Frieman, told the appellant that they did not know "how long it will be before the house is finished." The appellant admits that the above quoted statement by the appellee, Morris Frieman, being parol evidence was not admissible to change the terms of the contract. *Markoff v. Kreiner,* 180 Md. 150, 154, 155, 23 A. 2d 19, and cases there cited. It claims, however, that that statement constituted a waiver by the appellees of settlement as specified in the contract. With that contention we do not agree.

Of course, as stated by Dean Roscoe Pound in *The Progress of the Law,* 33 Harvard Law Review, page 952, and relied on by the appellant here, where before time for performance vendor signifies his intention not to insist on timely or exact performance and the purchaser in reliance thereon acts accordingly, the principle of equitable estoppel

is sufficient to preclude insistence upon the condition to the injury of the purchaser. We do not have that situation here.

The appellant relies strongly on the case of *Paralka v. Grummel,* 282 Pa. 235, 127 A. 619. However, in that case the sellers, as defendants, conceded their inability to give possession at the time required in the contract. To constitute a waiver by a party of a contract, such party must be estopped by his own conduct or the inequity of his position. *Gibula v. Sause,* 173 Md. 87, 194 A. 826; *Vincent v. Palmer,* 179 Md. 365, 19 A. 2d 183; *Harris v. Kirshner,* 194 Md. 139, 147, 70 A. 2d 47; *Great United Realty Co. v. Lewis,* 203 Md. 442, 450, 101 A. 2d 881; *Talbert v. Seek,* 210 Md. 34, 122 A. 2d 469. Equitable estoppel, as defined in *Pomeroy's Equity Jurisprudence,* Vol. 2, Sec. 804: "* * * is the effect of the voluntary conduct of a party whereby he is absolutely precluded both at law and in equity from asserting rights, which might perhaps have otherwise existed, either of property, of contract or of remedy, as against another person who has in good faith relied upon such conduct and has been led thereby to change his position for the worse, and who on his part acquires some corresponding right, either of property, of contract or of remedy." The mere fact that one of the appellees told the appellant at the time the contract was signed that he did not know when the new house would be completed was not a statement by him that settlement was not to be made on the date specified in the contract. Very often property is sold and the sellers contemplate moving into a new home. If the new home is not completed when settlement is to be made and possession given of the old property, arrangements are made to move temporarily to some other place until the new house is completed. If it had been the intention of the parties here that settlement was not to be made by the appellant and possession given by the appellees until the new house was finished, such a provision could have been placed in the contract that day with reasonable limitations. The parties did not see fit to do so.

The appellant finally contends that it was as much the duty of the appellees to offer to perform the contract on the specified date as it was the duty of the appellant to present the deed for signature and pay the purchase price. It relies

primarily on the case of *Brown v. Slee,* 103 U. S. 828, 26 L. Ed. 618, decided May 2, 1881. However, the facts in that case are different from those before us here. There, the executor sold an interest of the testator in partnership property to Brown and received part payment thereof in land. Brown agreed that he would in five years thereafter, if the executor so desired, purchase back the land and pay the executor therefor the price at which he received it. Before the expiration of the five year period the executor made the election that Brown should purchase back the property and the executor so signified his election to Brown. The Court there said: "It is claimed on the part of the appellants, [Brown, et al., the purchasers] however, that to enable the executors to recover they must prove 'both an election to sell and the delivery or tender of a deed on the day fixed for performance.' As we have already shown, it needed no tender of a deed on the day to require Brown to repurchase. It was enough if, before the expiration of the time, the executors made their election that he should do so, and signified it to him in proper form. That being done, the rights of the parties respectively under the contract were fixed. Brown became bound to repurchase and pay the money, and the executors to receive the money and reconvey. Either party could then require the other to perform, and neither could insist on the default of the other, so long as he was himself behind in his own performance. Brown could not demand a deed until he tendered the money, and the executors could not require the money until they had offered a deed. Neither party offered to perform on the day, and, therefore, one was as much in default as the other. Such being the case, either party, after relieving himself from his own default by performance or an offer to perform, could require the other to perform within a reasonable time. Neither could insist that the other had lost his rights under the contract until he had himself done what he was bound to do. The failure of both parties to perform on the day was equivalent to a waiver by each of the default of the other. The executors did offer to perform within a reasonable time after the day, and we think are entitled to recover." In that case time was not of the essence of the

contract as here. Had time not been of the essence of the contract in the instant case the decision might be different.

It is said in 49 *American Jurisprudence*, Section 42, page 56: "Time may be made of the essence of the contract by express stipulation, or even without an express stipulation to that effect where such intention is clearly manifested from the agreement as a whole, construed in the light of the surrounding facts. In either case the court may refuse to decree specific performance where it appears that the plaintiff failed to perform on his part within the stipulated time, unless there is something in the facts to take the case out of the usual rule." It is said in 92 C. J. S., Sec. 232, page 105: "The purchaser, in order to be entitled to a conveyance, must perform all conditions precedent to the vendor's obligation to convey, unless they are waived or their performance excused. * * * Where, by the terms of the contract, the acts of the parties are to be concurrent, or it is provided that the deed is to be delivered on demand, it is the duty of the purchaser, not only to make a tender of the purchase price, as discussed supra sub-division a of this section, but also to demand performance from the vendor." *Terrell v. Gregory,* 220 Ark. 713, 249 S. W. 2d 560; *Fox v. Doll,* 221 La. 427, 59 So. 2d 443.

The question seems to be settled in this State that where time is of the essence of the contract the purchaser must make payment within the time specified. It was said in *Soehnlein v. Pumphrey, supra:* "The rule has been adopted in this State that when time is expressly declared to be of the essence of a contract of sale, a court of equity will ordinarily not grant specific performance *where the purchaser has failed to make payment within the time specified by the contract. Budacz v. Fradkin,* 146 Md. 400, 126 A. 220; *Tarses v. Miller Fruit & Produce Co.,* 155 Md. 448, 142 A. 522. But if a vendor reserves the right to forfeit the contract in the event of default in payments, but subsequently waives forfeiture for nonpayment at the stipulated time, he cannot suddenly change his mind and insist upon a forfeiture without giving to the vendee a reasonable notice of his intention to that effect. *Harris v. Troup,* 8 Paige, N. Y., 423. In this case, however, there is no allegation from which it can be inferred that time

is of the essence of the contract. The accepted doctrine is that in the ordinary case of contract for the sale of land, even though a certain period of time is stipulated for its consummation, equity treats the provision as formal rather than essential, and permits the purchaser who has suffered the period to elapse to make payments after the prescribed date, and to compel performance by the vendor notwithstanding the delay, unless it appears that time is of the essence of the contract *by express stipulation, or by inference from the conduct of the parties, the special purpose for which the sale was made, or other circumstances surrounding the sale.*" (Italics supplied). In the contract before us here it is specifically provided that on payment of the unpaid purchase money a deed for the property shall be executed by the seller. Therefore, the contract specifically provides that the initial step is to be taken by the purchaser. Time being of the essence of the contract in the instant case, it was the duty of the purchaser to tender payment within the time specified.

In *Levy v. Baetjer,* 198 Md. 240, 81 A. 2d 644, it was said: "There is an allegation in the bill of complaint that the broker, in preparing the agreement, failed to strike out the words, 'time being of the essence of the agreement', although he knew that this did not represent the exact intention of the parties. It is sufficient to say, as to this contention, that it is much too indefinite, and, in a case in which the appellants [the purchasers] stand on their original contract, they cannot at the same time seek to have it reformed into something very different. Appellants also contend that when the time of the original contract was extended to August 1st, that extension waived the provision 'time is of the essence'. We cannot agree with that point of view. The change of date fixed a new time by which the settlement must be made, but it did not in any way waive the requirement that the settlement must be made by the date fixed. The fact that the extension was asked for and given in writing indicates that the appellants knew that unless this was done, they would have no right to get the deed for which they contracted after the date fixed in the contract."

It is admitted that the appellant did not tender payment within the time specified in the contract. Time being of the

essence, the purchaser did not take the initial step of making or tendering payment of the purchase money as provided in the contract. The chancellor, who saw and heard the witnesses, found that the appellant was not ready to settle within the time specified. The decree will be affirmed.

*Decree affirmed, with costs.*