KASTEN CONSTRUCTION CO., INC. ET AL. *v.* MAPLE
RIDGE CONSTRUCTION CO. INC.

[No. 43, September Term, 1966.]

*Decided February 9, 1967.*

The cause was argued before HAMMOND, C. J., and HORNEY, OPPENHEIMER, BARNES and FINAN, JJ.

*Jerome F. Connell* for appellants.

*Melvyn J. Weinstock,* with whom was *Warren J. Weinberger* on the brief, for appellee.

HORNEY, J., delivered the opinion of the Court.

The question presented by this appeal is whether the Maple Ridge Construction Company (Maple Ridge), as buyer, is entitled to require the Kasten Construction Company (Kasten), as seller, to specifically perform a contract in which settlement for the sale of certain building lots was to have been made in sixty days but the time was not stipulated as being of the essence.

The contract of sale, dated December 4, 1964, provided for the sale and purchase of a tract of land in Section 4 of the Maple Ridge Subdivision in Anne Arundel County consisting of thirty-four "finished" lots [1] designated as 20-A and 20-B through 36-A and 36-B. The contract further provided that Maple Ridge was to have an option to purchase ninety-four other lots in the subdivision within twelve months from the date of the contract of sale and was given the first refusal to purchase approximately five hundred of the remaining lots in Sections 3 and 4. Subsequently, when financing difficulties were encountered, the settlement date was extended in writing to on or before March 19, 1965, but again time was not stated to be of the essence. Maple Ridge had requested a longer extension, but it was refused by Kasten and later requests for extensions were also refused.

Although Kasten in the interim between the making of the contract of sale and the extended settlement date had bulldozed several of the streets or roads and stabilized them with gravel, it had made little progress toward providing Maple Ridge with the finished or completed lots it needed to begin constructing homes. No agreement had been made between Kasten and the

---

1. By "finished" it was meant that utilities, streets, curbs, gutters and water and sewerage lines were to be completed before final settlement was made.

County with respect to street and drainage easements and there had been delays in connection with the construction of the curbs and gutters and the installation of public utilities. And while a proposed agreement and bond was completed by the County department of public works on March 3, 1965 and delivered to Kasten promptly, it was never executed and returned. Moreover, although Kasten recorded a deed of "covenants, restrictions and conditions" purporting to cover Sections 3 and 4 of Maple Ridge, which it was agreed was required before the houses to be thereafter constructed would be eligible for FHA financing, Maple Ridge was never consulted or afforded an opportunity to participate in formulating the specifications contained in the restrictions. Maple Ridge, however, in addition to engaging an architect to prepare plans for houses to be constructed in the development and the renting of a trailer to be used on location as an office at a total outlay of $12,000, had continued trying to obtain the type of financing it hoped to get before the extended settlement date expired without having to use such of the personal funds of its president as were available to the corporation. In the meantime the settlement date came and went and neither party made a demand on the other. But when Maple Ridge notified Kasten five days after the expiration of the extension that it had applied for a title examination and it would take about three weeks to complete it, Kasten in turn notified Maple Ridge that the contract of sale had expired, as had the extension, and that it considered the contract null and void and no longer in force. Subsequent negotiations were unsuccessful and this suit for specific performance was brought.

On the evidence and the exhibits produced at the hearing, the chancellor, having found that although the buyer was dilatory in making the necessary financial arrangements and in applying for a title examination, it had tendered full performance of the terms of the contract within a reasonable time after the expiration of the extended settlement date; that the seller, besides acting as if time was not of the essence, had been somewhat lackadaisical in the performance of its part of the contract; and that the seller had suffered no loss that could not be com-

pensated by the payment of interest, decreed specific performance of the contract of sale.[2]

On appeal, Kasten, claiming that the chancellor erred in decreeing specific performance, contends that its refusal to grant further extensions was a clear indication that time was of the essence and should therefore have been inferred from the circumstances. Maple Ridge, however, claiming that a specified date for settlement did not mean that the parties intended time to be of the essence, contends that it was not and that the delay in making settlement was reasonable under the circumstances.

In a case involving specific performance, where the intention of the parties is always the controlling factor, the general rule is that time is not of the essence of the contract of sale and purchase of land unless a contrary purpose is disclosed by its terms or is indicated by the circumstances and object of its execution and the conduct of the parties. Of course, one may lose his right to specific performance by gross laches and unreasonable delay in paying the purchase money. Ordinarily, however, time is held to be of the essence only when it is clear that the parties have expressly so stipulated or their intention is inferable from the circumstances of the transaction, the conduct of the parties or the purpose for which the sale was made. See *Scarlett v. Stein,* 40 Md. 512 (1874) ; *Derrett v. Bowman,* 61 Md. 526 (1884) ; *Gilman v. Smith,* 71 Md. 171, 17 Atl. 1035 (1889) ; *Copp v. de Ronceray,* 82 Md. 35, 33 Atl. 432 (1895) ; *Diamond v. Shriver,* 114 Md. 643, 80 Atl. 217 (1911) ; *Acme Building Co. v. Mitchell,* 129 Md. 406, 99 Atl. 545 (1916) ; *Jaeger v. Shea,* 130 Md. 1, 99 Atl. 954 (1917) ; *Stern v. Shapiro,* 138 Md. 615, 114 Atl. 587 (1921) ; *Budacz v. Fradkin,* 146 Md. 400, 126 Atl. 220 (1924) ; *Soehnlein v. Pumphrey,* 183 Md. 334, 37 A. 2d 843 (1944) ; *Triton Realty Co. v. Frieman,* 210 Md. 252, 123 A. 2d 290 (1956) ; *Chapman v. Thomas,* 211 Md. 102, 126 A. 2d 579 (1956).

Applying these tests to the facts of this case, we think the

---

2. There were other decretal orders affecting the deed of covenants, restrictions and conditions, the option to purchase other lots and the right of refusal to purchase still other lots, but we are not concerned here with any of these things.

chancellor was correct in decreeing that Maple Ridge was entitled to specific performance. Under the circumstances, it was not necessary to regard the stipulation fixing the original and extended times for payment of the purchase price as imposing a condition requiring strict and punctual compliance in order to entitle the buyer to specific performance. *Acme Building Co. v. Mitchell, supra.* Nor, even though the buyer was somewhat neglectful in not paying the balance of the purchase money on the day it was due, can it be said that the delay, particularly in view of the fact that the seller was in no hurry to perform its part of the contract, was unreasonable. *Derrett v. Bowman, supra; Jaeger v. Shea, supra.* In any event, the buyer was required to compensate the seller for whatever loss it sustained by the payment of interest. Moreover, the mere fixing of a particular date for the completion of a contract for the sale and purchase of land is not regarded as being of the essence with respect to payment but treats the provision as formal rather than essential. *Gilman v. Smith, supra; Copp v. de Ronceray, supra; Diamond v. Shriver, supra; Chapman v. Thomas, supra.*

Although the seller relies principally on *Stern v. Shapiro, supra, Doering v. Fields,* 187 Md. 484, 50 A. 2d 553 (1947) and *Levy v. Baetjer,* 198 Md. 240, 81 A. 2d 644 (1951), to support the claim that the chancellor erred in granting specific performance, all of these cases are distinguishable on the facts from the case at bar. In *Stern,* the provision that the down payment was to be forfeited in the event settlement was not made within the time specified, warranted the inference that time was of the essence. Here, a forfeiture was neither provided nor contemplated. In *Doering,* the buyers not only made no effort to settle within the agreed time, but despite an extension were still unable to pay the balance of the purchase money at the expiration of the extended period. Here, although the extended time had expired, the president of the corporate buyer had tendered full performance within a reasonable time thereafter. In *Levy,* the express provision that time was of the essence was held not to have been waived by the extension of the settlement date. Here, the very absence of the essentialness of time without more distinguishes that case from this.

The further claim that the presence of a stipulated settle-

ment date in the contract for sale impels an inference that time was to be of the essence is likewise without merit. In *Soehnlein v. Pumphrey, supra,* it was said (at p. 338 of 183 Md.) :

> "The accepted doctrine is that in the ordinary case of contract for the sale of land, even though a certain period of time is stipulated for its consummation, equity treats the provision as formal rather than essential, and permits the purchaser who has suffered the period to elapse to make payments after the prescribed date, and to compel performance by the vendor notwithstanding the delay, unless it appears that time is of the essence of the contract by express stipulation, or by inference from the conduct of the parties, the special purpose for which the sale was made, or other circumstances surrounding the sale."

Also see *Triton Realty Co. v. Frieman, supra,* and *Chapman v. Thomas, supra.* The rule, of course, is subject to certain qualifications, but none of them, as is herein pointed out, is applicable to the facts and circumstances of this case. When there has been a delay, as there was in this case, the important question is whether it was reasonable. The chancellor found that it was and we cannot say that he erred in so doing. See *Jaeger v. Shea, supra; Budacz v. Fradkin, supra.* Cf. *Scheffres v. Columbia Realty Co.,* 244 Md. 270, 223 A. 2d 619 (1966).

*Decree affirmed; appellants to pay the costs.*