PHILIP H. PRATT

*vs.*

GEORGE E. GRAY ET AL.

*Sale of Land—Time as Essence of Contract—Payment of Purchase Money.*

A stipulation, on the sale of land, as to the time for payment of the purchase money, is not of the essence of the contract unless an intention that it shall be so regarded is apparent.

p. 474

The presence of a "for sale" sign on the property at the time of the making of the contract, as indicating that the main purpose was to convert the property into money, and a provision in the contract for the rental of the property to the vendor for six weeks after the transfer, tended to show that time was not of the essence of the contract.                p. 474

On a bill by a purchaser of land for specific enforcement of the contract of sale, *held* that there was not such gross laches on his part in having the title examined and making his financial arrangements for the payment of the purchase money as to deprive him of equitable relief.                p. 474

*Decided November 18th, 1921.*

Appeal from the Circuit Court No. 2 of Baltimore City (STUMP, J.).

Bill by Philip H. Pratt against George E. Gray and Maud S. Gray, his wife, for specific performance. From a decree for defendants, plaintiff appeals. Reversed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*William C. McCard,* for the appellant.

*Walter H. Harrison, Jr.,* for the appellees.

ADKINS, J., delivered the opinion of the Court.

On September 27th, 1919, appellant and appellees executed a written contract of sale by which appellees sold to appellant a lot on McCullough Street, Baltimore, for $2,700; of which amount $50 was paid at the time of the execution of the contract and the balance was to be paid "in thirty days from date." It was also agreed that appellant should rent the house to appellees for six weeks after the transfer of the property.

The balance of the purchase money was not paid or tendered within the time mentioned. There is some conflict of testimony as to when appellant notified appellees he was ready to complete the transaction; but it is admitted by appellees that they were notified by W. C. McCard, appellant's attorney, by letter dated December 11th, 1919, that appellant was ready to pay for the property, and that they were requested to name a date for making the transfer. Appellees did not reply to this letter, because, according to their testimony, they considered the contract at an end on the failure of appellant to pay the balance of the purchase money within the thirty days. They did not, however, offer to return the cash payment.

A bill for specific performance was filed February 9th, 1920, by appellant. This appeal is from a decree dismissing the bill.

The only question here involved is whether time was of the essence of the contract, or whether appellant has been guilty of gross laches.

The general rule in equity is that time stipulated for the payment of purchase money is not regarded as a condition which requires strict performance to entitle a vendee to have the sale consummated. *Robinson* v. *Johnson,* 137 Md. 610.

"The rule is definitely settled that time of payment is not of the essence of such an agreement, unless it is so made by express stipulation, or unless the intention that it shall be so regarded is apparent from the circumstances of the transaction, the contract of the parties, or the special purpose for which the sale was contracted." *Jaeger* v. *Shea,* 130 Md. 4.

There is nothing in the testimony to show any particular intention of the parties as to time. When the contract was entered into there was a "for sale" sign on the property. It would seem therefore that the main purpose was to convert the property into money; and the provision in the written contract, for the rental of the house by appellees for six weeks after the transfer, seems to indicate that a few weeks delay in the settlement was not regarded as a matter of serious consequence.

There is an entire absence of any testimony tending to show that appellees suffered any loss or inconvenience by reason of the delay.

While appellant does not seem to have used the utmost haste in having the title examined and making his financial arrangements, we do not find such gross laches as have been held to deprive a plaintiff of equitable relief.

As was said in *Wilson* v. *Herbert,* 76 Md. 489, and in *Jaeger* v. *Shea, supra*: "In the present case there is nothing to distinguish the stipulation for payment from that which ordinarily occurs in contracts of sale. There was no intrinsic purpose, which would be defeated by delay; nor was there a condition that the contract should thereby be rendered null and void. The substantial part of the contract was that the vendor should be paid his price for his property; and there was no special or important object to be attained by payment of the money at a precise point of time * * * Interest is the

compensation which the law adjudges to be the proper measure of the injury caused by failure to pay money at the time when it becomes due. This is one of the cases to which the maxim may justly be applied that "the doctrine of equity is not forfeiture but compensation."

Being of the opinion that the circuit court erred in dismissing the bill of complaint and refusing to decree specific performance, we must reverse the decree.

> *Decree reversed, and cause remanded that a decree may be passed in accordance with the views above expressed; appellees to pay the costs.*