Mr. Justice Thompson
 

 delivered the opinion of the Court.
 

 Adam Eynn, the complainant in the Court below, filed, his bill for an injunction to restrain the Mechanics Bank of Alexandria from proceeding upon a judgment which it had recovered against"him at law for g 1573 85.' A perpetual injunction was decreed, to reverse which, the present appeal is brought.'
 

 The'bill and answer contain many matters not necessary now ,to be noticedi The grounds upon which the application for an injunction was placed, were, that on the 29th of May 1821, a settl'ement was made between the parties, of various matters which had' been for a long time in. dispm. between them, amo'rtg which was the judgment now in question. In the account, stated, which formed the basis of that settlement, Lynn is charged with this judgment, which is there called .“the overdraw,” and credited by security in deed to Mason for the same.. Upon this statement' of the account, there was a balance- of g 371)0 found in favour of the bank, for which security, was to be given. This may however be now laid out of. view. For although it appears that some difficulty arose'with respect' to the security for this balance, yet it is alleged in the bill that-
 
 *382
 
 it, was afterwards paid to the batik; and this is not denied, but substantially admitted in the answér. And the. whole arrangement upon that settlement was carried into execution, except that which related to the judgment now in question.
 

 It is contended on the part of Lynn, that the security in the deed to Mason was a'complete discharge by the bank oí this debt. And, whether it is so to be considered, is the only question- necessary now to be noticed.
 

 The deed of trust given by Lynn to Mason, bears .date. the. 16th of November 1820; and provides in the first- place for the payment of judgment creditors; then for certain enumerated creditors; and finally, the surplus to be paid to the Mechanics Bank of Alexandria in discharge of notes discounted f: r Lynn. This deed contains the. following proviso, “ Provided always and it is hereby expressly required, that each and every of the. aforesaid creditors, before they receive the benefit of this deed, shall sign and execute a full and complete discharge from all claims and demands whatever, against the said Adam Lynn. And the period- of
 
 six months
 
 shall be, and is hereby allowed them from the date of this instrument to come in, and elect and sign such discharge.”
 

 It will be- seen from- comparing the dates of this deed, and the settlement made between the' parties, that the' six months limited' for the creditors to come in, and accept of the provision thereby made, had expired when the settlement took place; and the bank, therefore,, according to the terms of the deed was precluded from taking, any benefit under it.
 

 , - The bill alleges that the provision made by the trust deed for the payment of this debt, was amply sufficient; The bank denies that the judgment has ever been satisfied, and alleges that on application to the trustee Mason, for the benefit of the provision thereby made, it was refused because th'e time had ' expired within Which the creditors were to come in and accept of the benefit of it.
 

 Was this then such a settlement and.discharge of this, judgment, as,' under the circumstances, will conclusively bind .the bank; and turn it over to.this trust fund alone for satisfaction of the debt ? 1
 

 The complainant in the Court below, a,sks the aid of a Court. of Chancery to restrain the bank from enforcing a judgment, at law; and if this is an unconscientious request it would be inconsistent with the course of a Court of Equity to grant it.
 

 The complainant may be considered as asking the specific execution of an agreement, by which the bank stipulated to accept in satisfaction of this judgment, the provisions made by Lynn for his creditors in the deed of trust.
 

 
 *383
 
 But'.the' Court ought not to decree performance, according to the letter,’ when- from change of circumstances, mistake or misapprehension, it would be unconscientious so to do. The Court may sc niodify the agreement, as to do justice as far as. circumstances will' permit¿ and refuse specific execution, unless the party seeking it will comply with such modification as justice requires. . . ,
 

 It cannot be presuined, that the bank in point of fact, knew that the time had expired within which creditors were allowed -to come in and accept of the trust fund. Nor ought it to be presumed, that this circumstance was adverted to by Lynn; as it would be charging him with a fraudulent design of imposing upon-the bank-an unavailable security. -
 

 Whether it was available ór not, is a proper subject of inquiry, under the pleadings. The bill alleges that the provision made by the deed for payment of this debt, was abundantly sufficient.
 

 This, the answer denies; because the complainant by the limitation of the time within which the creditors were to come in, had debarred the bank of availing itself of that security, and that the trasteé had excluded this debt oñ that account. And all .that the bank requires is, that'the complainant should order his trustee Mason to pay this debt out of the trust'fund. ■
 

 ■' It is said, however, that the bank is chargeable with notice of this deed, and all its provisions; and- has therefore accepted the fund, at its own risk; and particularly as notice is not denied in the answer. •
 

 ■ There is nothing in the' pleadings or proofs. showing, notice in fact, and the deed was. not recorded, so as to charge the ' bank with constructive notice. There may be reasonable grounds to conclude, that the bank had' information with respect to the trust fund before it agreed to accept it as a substitute for the judgment. But actual knowledge of this limitation cannot reasonably be presumed, as' it was a fund from which, no benefit coüld be derived; and the bill contains no charge calling upon the bank for an' admission, or denial *of notice. This was not required by reason of the special interrogatory-put in the bill.' If the' bill had charged the bank with notice, an answer must have been given without such interrogatory. But a defendant is not bound to answer an interrogatory, not warranted by some matter contained in a former part of the bill; (Milford, 44.) and if the bank was called upon by this interrogatory to. admit or .deny notice; no answer having , been given, exception should have beén taken to the answer for insufficiency. .
 

 Nothing, therefore, appears, which would have precluded the
 
 *384
 
 bank from the aid of a Court of Chancery; even was its.complainant seeking relief against the conclusive operation of this settlement, when the consideration-for which the judgment was to be' discharged has entirely failed, and that by the act of Lynn himself. -But when the judgment debtor comes into the Court asking protection on the grorind that he has. satisfied the judgment, the door is fully open for thé Court to modify, or grant his prayer, up'on such conditions as justice demands.
 

 The arrangement between the parties was executory; no release or discharge of the judgment was given. The account stated was -the basis only on which the settlement was made, and to be carried into execution. And it must have been the intention of both parties, that the bank should be let in to take-the benefit of the trust, fund. And justice requires that this should still be done,- as far forth as it can be consistently with the safety of the trustee, and the rights'of other creditors entitled to .the benefit of that fund.
 

 The situation of that fund, however, and what has been done under the trust deed,.could not be properly inquired into, under the pleadings in this cause; and without other parties before the Court.
 

 The, proper course for the bank would have been, to have filed a cross bill.against the complainant, and such other parties, as were necessary to bring that subject completely'before the Court and enable it to make a final determination of the matter in dispute. If the assent of Lynn is all.that is necessary to enable the bank to avail itself of the trust fund, justice requires that this should bé given, before the bank is entirely restrained from proceeding on its judgment at -law. And it is' no doubt within the legitimate powers of a Court of Chancery/ under circumstances like the .present, to ‘ require such assent, and modification of the settlement, before granting a perpetual injunction.
 

 '
 
 But the rights of other creditors, which may have attached upon this' fund must not be lost sight of; with respect to which howevdr, wediave not before us/the means of judging.'
 

 We are accordingly of opinion that the decree of the Court' below granting a perpetual injunction be reversed. And that the cause be sent back with directions to the Court to continue the injunction, until the bank has' a' reasonable time to file a. .cross bill. And that the continuance of the injunction be subject, to such further order of the Court, as equity-and justice may require.
 

 This cause came on, See., on consideration whereof, It is decreed and ordered by thiá Court; that the decree of said Circuit
 
 *385
 
 Court in this cause granting a perpetnalinjunction be' and the same is hereby reversed and annulled; atm'it is further ordered by this Court that the cause be remanded to the said Circuit Court, with directions to continue the injunction until the bank has a reasonable time to file a cross bill, and that the continuance of such injunction be subject to such-further orders of the Court, as equity and justice-may require. ■