# Grevemeyer *versus* The Southern Mutual Fire Insurance Company.

1. An assured sold the property insured taking a judgment for purchase-money and retaining the policy. The building was burned, the judgment being unpaid. *Held*, that he could not recover on the policy.

2. A mortgagee has an insurable interest; he holds a specific pledge of definite property.

3. A judgment is a general, not a specific lien: the holder is not interested in the property, but only in his lien.

4. A judgment being for purchase-money does not as a mortgage, draw after it a specific pledge of the property.

May 24th and 25th 1869. Before Thompson, C. J., Agnew, Sharswood and Williams, JJ.

Error to the Court of Common Pleas of *York county:* Of May Term 1869, No. 83.

This was an amicable action between Ernest C. Grevemeyer, plaintiff, and The Southern Mutual Fire Insurance Company, defendants, entered to August Term 1868. On the 13th of August 1864 the defendant made an insurance to the amount of $3350 on a grist-mill and gearing belonging to the plaintiff, and situate in York county.

On the 2d of April 1868 the plaintiff conveyed to John Donahoe in fee the property on which the mill was located, including the mill, dwelling-house and other improvements. The purchaser paid $1200 of the purchase-money on the day of the conveyance, and at the same time gave the plaintiff a judgment bond for $4000, the balance of the purchase-money, on which judgment was on that day entered in the Court of Common Pleas of York county. Donahoe entered into possession of the property. The policy of insurance was not assigned to the purchaser; the defendants had no notice of the sale of the property. On the 8th June 1868 the mill was destroyed by fire, the judgment in favor of the plaintiff against Donahoe being unpaid and still a lien on the property sold.

The property since the burning of the mill is worth $2000. The plaintiff holding the policy gave notice to the company of the loss, and claimed the insurance from the company. These facts were submitted in a case stated for the opinion of the court, whether the plaintiff was entitled to recover against the defendants, and if so, how much?

The court entered judgment for the defendant, which on removal of the case to the Supreme Court was assigned for error.

*T. E. Cochran* and *W. C. Chapman,* for plaintiff in error.—By a sale after insurance when part of the purchase-money for which the vendor holds a lien remains unpaid, the policy continues a contract to indemnify him against loss by fire: Stetson *v.* The

[Grevemeyer *v.* Southern Mutual Insurance Co.] ·

Mass. M. F. Insurance Co., 4 Mass. 330; Varin *v.* The Canal Insurance Co., 10 Ohio 323; Trumbull *v.* Portage M. F. Insurance Co., 12 Id. 305; The Insurance Co. *v.* Updegraff, 9 Harris 513; Carruthers *v.* Sheddon, 6 Taunton 14; Miltenberger *v.* Beacom, 9 Barr 198; Franklin Fire Ins. Co. *v.* Findlay, 6 Whart. 498; Gordon *v.* Massachusetts Mutual Insurance Co., 2 Pick. 249; Reed *v.* Cole, 3 Burrows 1512; Strong *v.* Marine Insurance Co., 10 Pick. 40; Phillips on Insurance 120, pl. 187. Interest does not necessarily imply property: Angell on Insurance 105; Hancock *v.* Fishing Co., 3 Sumner 132. A judgment for purchase-money entered about the time of the sale is an interest in the land: Love *v.* Jones, 4 Watts 465. A mortgage is no greater interest: Rickert *v.* Madeira, 1 Rawle 328; Asay *v.* Hoover, 5 Barr 25; Wentz *v.* Dehaven, 1 S. & R. 317; Schuylkill Co. *v.* Thoburn, 7 Id. 419; Craft *v.* Webster, 4 Rawle 255; Ackla *v.* Ackla, 6 Barr 228; Clarke *v.* Stanley, 10 Id. 472. They cited also Horstman *v.* Gerker, 13 Wright 287; Cumberland Valley Mutual Insurance Co. *v.* Schell, 5 Casey 37.

*E. H. Weiser* and *J. L. Mayer*, for defendants in error.—A judgment is a mere personal security: Reed's Appeal, 1 Harris 478; Ludwig *v.* Highley, 5 Bårr 132; Finch *v.* Winchelsea, 1 P. Wms. 277; Brace *v.* Marlborough, 2 Id. 491; Cover *v.* Black, 1 Barr 494. It is not an interest in land: Thelusson *v.* Smith, 2 Wheat. 367; Conrad *v.* Atlantic Insurance Co., 1 Peters 386; Kemper *,v.* Bavey, 5 McLean 507; Shrew *v.* Jones, 2 Id. 78; Leedom *v.* Plymouth Railroad Co., 5 W. & S. 266; Wilson *v.* Commissioners, 7 Id. 199; Williams *v.* Controllers, 6 Harris 275; Schaffer *v.* Cadwallader, 12 Casey 126; Ruth's Appeal, 4 P. F. Smith 173; Britton's Appeal, 9 Wright 172; Watt *v.* Steel, 1 Barr 386; Cake's Appeal, 11 Harris 186. An insurable interest must be founded on some title: Miltenberger *v.* Beacom, *supra;* Robinson *v.* N. Y. Insurance Co., 2 Caines' Cas. 357; Ellis on Insurance 21; Sadler's Co. *v.* Badcock, 2 Atk. 554; Lucena *v.* Crawford, 3 Bos. & Pul. 75; Norcross *v.* Insurance Co., 5 Harris 429; Arnold 260. The insured must have an interest, whether so stipulated in the policy or not: Wilson *v.* Trumbull Mut. Fire Insurance Co., 7 Harris 374.

The opinion of the court was delivered, July 6th 1869, by

THOMPSON, C. J.—Four years after the plaintiff had effected an insurance on the property covered by the policy of the defendant on which the suit was brought, he sold and conveyed it to a third party, one Donahoe, and having received a portion of the purchase-money, took a judgment for the balance. Some months after this the property was destroyed by fire. Not having assigned the policy to the purchaser, he now claims to recover on it in satis-

faction of his judgment, on the ground that to that extent he has an interest in the property sold and conveyed.

That there is material difference, especially in the law of insurance, between a mortgage and judgment is beyond question. The able argument of the counsel for the defendant in error, and the authorities cited by them, very clearly show this. In Britton's Appeal, 9 Wright 172, Strong, J., said: "They (mortgages) are in form defeasible sales, and in substance, grants of specific security, or interest in land for the purpose of security. Ejectment may be maintained by a mortgagee, or he may hold possession on the footing of ownership and with all its incidents."

That a mortgagee has an insurable interest on property is so well understood, that it would be a waste of time to cite authorities to prove it. Hence it is a very common thing to strengthen the security by insurance of the property for the benefit of the mortgagee. That its purpose is ordinarily a security, does not destroy the legality of the insurance. The interest in the property pledged or mortgaged is co-extensive with the security it is to satisfy. Being a specific lien, no other property is answerable. It is therefore a specific pledge of definite property, and the mortgagee has necessarily an interest in it.

But a judgment is a general, and not a specific lien: Ruth's Appeal, 4 P. F. Smith 173. If there be personal property of the debtor, it is to be satisfied out of that. If there be not, then it is a lien on all his real estate without discrimination, and hence the plaintiff is not interested in the property as property, but only in his lien. As was said in Coover *v.* Black, 1 Barr 493, the judgment-creditor has neither *jus in re* nor *ad rem*, as regards the defendant's property. He has a lien, and the law gives a right to satisfaction out of the property, and that is all. For the same doctrine see Reid's Appeal, 11 Harris 476, and Conrad *v.* Atlantic Ins. Co., 1 Peters 384. To these might be added citations of authorities almost without limit.

The result of all this is, that the plaintiff having sold and conveyed the property in question before its destruction by fire, taking only a judgment for the unpaid purchase-money, had no interest in the property when it was destroyed. That the judgment, being for purchase-money, did not draw after it a specific pledge of the land, as in case of a mortgage, is shown by Ruth's Appeal, *supra*. Like any other judgment, it was a general lien, and to be satisfied by execution of the personal property of the debtor first, and after that out of any other estate as well as that for which it was given to secure purchase-money.

This want of interest in the property was a complete answer to the plaintiff's action, and renders it unnecessary to consider other questions considered in the argument.

Judgment affirmed.