## CAMDEN SEWER COMPANY *v.* MAYOR AND COUNCIL OF SALISBURY.

[No. 53, January Term, 1932.]

*Decided April 13th, 1932.*

The cause was argued before Bond, C. J., Pattison, Urner, Adkins, Offutt, Digges, Parke, and Sloan, JJ.

*George H. Myers,* with whom were *Wailes & Robins* on the brief, for the appellant.

*L. Claude Bailey,* with whom was *Hooper S. Miles, City Solicitor,* on the brief, for the appellee.

Adkins, J., delivered the opinion of the Court.

This is a suit for specific performance by the appellant against the appellee.

The bill of complaint was filed on the theory that the defendant had agreed to exercise the option, reserved in the franchise granted to the plaintiff's predecessors, to take over at cost the sewer system constructed under said franchise.

The case comes up on appeal from an order sustaining a demurrer to the bill of complaint. The bill alleges that on

or about July 7th, 1902, the defendant passed an ordinance entitled, "An ordinance to permit sewer pipes to be laid on Camden Avenue and any of the streets or boulevards intersecting or crossing it," a copy of which ordinance is filed as an exhibit. That pursuant to said ordinance William J. Staton, L. E. Williams, N. T. Fitch, and A. A. Gillis, to whom was granted said franchise to lay sewer pipes on the streets under the conditions in said ordinance provided, were by virtue of chapter 12 of the Acts of 1904 created a body corporate under the name of the Camden Sewer Company, and the said company thereupon received by assignment and transfer from the said Staton, Williams, Fitch, and Gillis the franchise to them granted by said ordinance, and the plaintiff thereupon proceeded to exercise said franchise by laying sewer pipes on certain of the streets in said ordinance named, and has since continued to exercise and still exercises the right and franchises granted by said ordinance. That section 4 of said ordinance provides "that the Mayor and Council shall have the option and right at any time of buying from the said parties (herein called The Camden Sewer Company), their heirs, legal representatives and assigns, all their interest in the said pipes put down by them under the authority of this ordinance upon paying the cost thereof, and of the laying of the same, with interest to the time of such purchase, and thereupon to take and assume absolute control and ownership thereof." That, in the exercise of said option, the said defendant on the 2nd day of August, 1926, filed its bill of complaint, a certified copy of which is filed with the bill, praying that said ordinance and especially the said option clause therein be specifically enforced against said company, and that it be required to transfer and assign unto the defendant herein its said sewer system in accordance with said ordinance upon the payment of the costs thereof, with interest, as might be determined by this court. That plaintiff herein answered said bill, and testimony was taken, and, under order of court, plaintiff submitted to the court auditor its papers, books, accounts, vouchers, and receipts, and the auditor stated an account therefrom showing in detail the various items of

cost, the dates of expenditures, and the interest thereon to March 1st, 1927. That thereafter, on June 22nd, 1928, and before final hearing and decree, the defendant herein filed an order to mark the said case dismissed, and on October 6th, 1928, the court passed an order permitting the defendant herein (the plaintiff in said suit) to dismiss its suit and ratifying said order of dismissal, since which time the defendant herein has made no effort to ascertain for itself or to permit the plaintiff to supply it the total cost of said sewerage pipes, together with the cost of laying the same and the interest thereon, and has refused to take over said sewerage system and pay therefor under the terms of said option, although said cost was and is easily ascertainable. That plaintiff herein (the defendant in said suit) appealed from said order of October 6th, 1928, permitting the dismissal of said suit, and the Court of Appeals on April 2nd, 1929, by its decision reported in 157 Md. 175, 145 A. 497, affirmed said order, since which date plaintiff has been endeavoring to persuade defendant to comply with its contract and to avoid further litigation, and defendant has offered to purchase said sewerage system, but at a price grossly inadequate. That but for said negotiation for the purchase of said system the plaintiff would have filed the bill of complaint more promptly after said decision of the Court of Appeals. That plaintiff charges that, by filing its bill of complaint in said suit, alleging that it had notified said company of its desire and purpose to purchase said system at the cost thereof, with interest, in pursuance of said ordinance, and alleging further that it was ready, able, and willing to pay the cost and interest as aforesaid, the defendant herein did thereby exercise on its part the option to purchase said sewer system reserved to it under section 4 of said ordinance, and thereby created and made effective a binding contract on the part of the defendant herein to purchase said sewer system under the terms of said option. That by the filing of said bill of complaint, showing the intention of the defendant herein to purchase said sewer system under the terms of said ordinance, plaintiff was hindered in the operation and development of its said sewer system, and dur-

ing the pendency of said suit, on August 2nd, 1926, to October 6th, 1928, plaintiff was restrained and enjoined at the instance of defendant by writ of injunction from extending its said sewer system in the exercise of its franchise along the streets and boulevard intersecting Camden Avenue or convenient thereto (a copy of which writ is filed with the bill). That while said suit was pending, and while plaintiff was restrained as aforesaid, defendant, through its agent, the Salisbury sewer and water commission, laid down, built, and extended a competing sewer system along and under certain of the streets upon which plaintiff was entitled to lay and construct its said sewers, and from the construction of which plaintiff was prevented by said injunction; that thereby plaintiff's business and opportunity for growth and expansion has been greatly hindered, and it desires that defendant be required to perform its contract. That after defendant had filed said suit, it proceeded to open and enter the sewerage system of plaintiff herein on Hazel Avenue and Smith Street, and proceeded to drain into plaintiff's sewerage system the surface water from said streets; and, when plaintiff protested and undertook to close its sewerage system on said streets against the drainage of said surface water, the defendant procured a writ of injunction requiring plaintiff to open its sewerage pipes on said streets, so as to permit the drainage thereinto of surface water from said streets and streets adjacent thereto (a copy of which writ is filed with the bill). That while the said suit by the defendant herein for specific performance was pending, plaintiff herein submitted to the court auditor its papers, books, accounts, records, vouchers, and receipts, and, while said records evidencing the cost of construction were in the possession of said auditor, the defendant herein, through its said agent, employed expert accountants who calculated and determined for the defendant from said records the total costs of the sewer pipes and the cost of laying same, with interest to March 1st, 1927. That although said cost was determined by defendant in the manner aforesaid, nevertheless the defendant has failed and refused to take over said sewer system and to pay plaintiff the cost thereof as

determined by its said expert accountant as aforesaid. That plaintiff has at all times since the filing of defendant's aforesaid bill for specific performance been ready and willing to transfer to it the whole of plaintiff's sewerage system as provided by section 4 of said ordinance. That plaintiff has prepared an exact and correct statement of the cost of its said sewer pipes, including the cost of laying same, with interest to July 1st, 1931, which statement is filed as an exhibit; and plaintiff tenders itself ready to transfer and turn over to defendant the whole of its said sewer system as provided by section 4 of said ordinance, upon payment to plaintiff of such sum as represents the cost of the sewer pipes constituting said sewerage system, plus the cost of laying the same, with interest from the respective dates of such expenditures to date of settlement. The prayer of the bill is for specific performance and for general relief. To this bill the defendant demurred generally, on the usual formal grounds, and on December 24th, 1931, the court sustained the demurrer.

It has been deemed important to set out at some length the allegations of the bill, as their adequacy to sustain the relief prayed is the whole question before us.

Appellee urges the following reasons why the order of the chancellor should be affirmed: .

(1) The granting of specific performance is a matter that rests within the sound equitable discretion of the trial court.

(2) The conduct of the appellant, as disclosed by the record of these proceedings, and the record of the proceedings in No. 46 January Term, 1929 (reported in 157 Md. 175, 145 A. 497), do not warrant the granting of the relief prayed.

(3) The option has never been converted into such a contract as is susceptible of specific performance.

(4) The appellant has been guilty of laches.

It will be convenient to consider these contentions in their order:

1. While it is true that the granting or refusal of specific performance rests largely in the discretion of the chancellor, nevertheless, where the facts alleged and proved entitle the

plaintiff to that relief, it is just as much the duty of a court of equity to grant it as to grant any other character of relief, or for a court of law to give damages for breach of contract. *Shepherd v. Bevin,* 9 Gill, 32, 40; *Brewer v. Herbert,* 30 Md. 301, 312; *Semmes v. Worthington,* 38 Md. 298, 325; *Popplein v. Foley,* 61 Md. 381, 385.

2. In a careful examination of the records in this case and in the case of *Camden Sewer Company v. Salisbury,* 157 Md. 175, 145 A. 497, we have been unable to find any conduct on the part of appellant which should disentitle it to relief by specific performance, if it would otherwise be entitled, assuming that, in determining this question, it is proper to consider the record in the previous case between the said parties. We find nothing to show that the plaintiff was not willing to perform its part of the contract or that, considering the circumstances, it did anything unfairly to hinder the defendant in the exercise of its option.

In considering this question, we cannot accept as facts the allegations of the bill in the former case, except as they are admitted by the answer therein or proved to the satisfaction of this court. A determination of the issues in that case by the chancellor was prevented by the dismissal of the proceedings, against the protest of the defendant therein, the plaintiff in present case. It is true the bill of complaint in the former case alleged that the sewer company had refused the request of the city that the company submit to the city the cost of the pipes and the laying thereof, together with the company's calculation of interest, and further alleged that it also refused the city permission to examine the books and records of the company; but the answer of the company, defendant in that case, denied the allegations of the bill in these respects, and explained that there were claims held by defendant against the plaintiff, which defendant wished to have disposed of when the matter of exercise of the option was considered. We do not find from the testimony in that case the plaintiff therein was unfairly obstructed in its efforts to obtain information. But, however that may be, the previous conduct of the company was known to the city at the

time it filed its bill for specific performance in that case, and with that knowledge the city alleged that it had determined and was ready and willing to exercise its option, and asked and obtained the aid of the court in determining the amount it was required to pay in the exercise of its option. It is true that the answer of the defendant averred that its books did not show all the items of cost in constructing the sewer system, and the testimony verified this averment, and from this it is argued that the company neglected some duty which it owed the city, and thereby made it difficult for the city to ascertain the cost. But it appears from the record in that case that the only substantial item not charged on the books was the cost of the pipes. If this item had appeared on the company's books, it would not be conclusive as to either party, and surely the price of such an item was easily ascertainable. It would certainly be unreasonable to hold that the mere failure of the company to enter such item on its books excused the city from performing its contract to take over the system at cost, if there was such a contract, unless it were further shown that the cost price was not susceptible of ascertainment with reasonable certainty and with reasonable effort. That would be just as unreasonable as it would be to hold that, because such item did not appear on its books, the company would not be entitled to prove the cost of such item in determining how much the city should pay in the exercise of its option. If the absence of such items from the books was a material circumstance, the city should have dismissed its proceedings upon the discovery of such omission, and not after holding the company up for two years. And so we do not find anything in the conduct of the plaintiff herein, as disclosed by the record in the former case, which should have influenced the chancellor in passing on the demurrer to the bill in the present case, apart from the contents of the bill itself and the exhibits filed therewith.

3. The city, having filed its bill for specific performance and prayed that the company be required to transfer and assign to the city said sewerage system "upon the payment by the plaintiff to said defendant of the cost thereof plus

interest as may be determined by this court," and, pending the determination of the case, having sought and obtained from the chancellor an injunction restraining the company from performing part of its ordinary functions, is now estopped to say that the option has not been converted into a contract susceptible of specific performance. It could have been on no other theory than that the city had made its election that the chancellor restrained the company for more than two years, and compelled it by injunction to submit to acts of trespass on the part of the city, declared to be such by this court in a suit between the same parties reported in *Mayor and Council of Salisbury v. Camden Sewer Co.,* 141 Md. 254, 118 A. 662. We think the allegations of the bill set out a sufficient case for specific performance. We do not think the city could institute proceedings for specific performance, allege its willingness and readiness to take over the sewer system under its option, hold up the company pending the proceedings, and then, when the cost is ascertained in accordance with the provisions of the ordinance, change its election. *Covington Gas Light Company v. City of Covington,* 58 S. W. 805, 22 Ky. Law Rep. 796; *Montgomery Gas Light Company v. City Council of Montgomery,* 87 Ala. 245, 6 So. 113.

There is no indefiniteness in regard to the price to be paid, as in *Schwanebeck v. Smith,* 77 Md. 319, 26 A. 409, and no uncertainty as to the terms. The price to be paid is the cost of the work, and the bill alleges that this is easily ascertainable, and an itemized statement of such costs is filed as an exhibit. Nor was there lacking mutuality after the city made its election. Both parties were then bound, and each was then entitled to specific performance. *Dixon v. Dixon,* 92 Md. 440, 48 A. 152; *Brewer v. Sowers,* 118 Md. 688, 86 A. 228.

4. The fourth objection urged by appellees to the sufficiency of the bill is: Laches on the part of the appellant in enforcing its rights. The question of laches as affecting the sufficiency of a bill of complaint was considered in *Kaliopulus v. Lumm,* 155 Md. 38, 141 A. 440, 444. It was there

held that: "Mere lapse of time, without more, unless of sufficient duration to amount to and constitute the bar of the statute of limitations, will not be sufficient." The bill in this case was filed within three years from the date of the order filed by defendant in its suit for specific performance; and the final disposition of that case was not reached until the opinion of this court nearly a year after the order to dismiss was filed. Here the bill does contain a reasonable explanation of such delay as occurred.

As the substance of the bill of complaint is set out herein, we need not extend this opinion by further discussion. It is sufficient to say that in our opinion the bill sufficiently alleges an enforceable contract and the refusal of defendant to perform; that nothing appears in the bill or in the record of the earlier case that shows any ground on which the court could reasonably deny the plaintiff specific performance; and that it does not appear that plaintiff has been guilty of such delay as would justify such denial. The order appealed from must therefore be reversed.

> *Oreder reversed, and case remanded for further proceedings, with costs to appellant.*