CAMDEN SEWER COMPANY *v.* MAYOR AND COUNCIL OF SALISBURY.

[No. 5, January Term, 1934.]

*Decided February 28th, 1934.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*George H. Myers,* with whom were *Wailes & Robins* on the brief, for the appellant.

*Arthur Everett Williams, City Solicitor,* and *L. Claude Bailey,* with whom were *Miles, Bailey & Williams* on the brief, for the appellee.

URNER, J., delivered the opinion of the Court.

Upon the former appeal in this case (162 Md. 454, 160 A. 4), the order of the lower court sustaining a demurrer to the bill of complaint was reversed and the case remanded for further proceedings. The present appeal is from a decree dismissing the bill, after the filing of the defendant's answer and the production of evidence by the respective parties.

The opinion on the other appeal states in ample detail the material allegations made by the bill of complaint. It is the purpose of the suit to enforce the specific performance of a contract for the purchase by the City of Salisbury of a sewer system of which the plaintiff, the Camden Sewer Company, is the owner, and by which a part of the city is served. An option for such purchase, reserved in the ordinance granting the franchise for the sewer, was alleged in the bill to have been exercised by the municipality through the institution by it of a suit to compel the transfer of the sewer in accordance with the terms of the ordinance.

In sustaining that theory, as against the demurrer to the pending bill, this court held that the conversion of the option into a binding contract, by the action of the city in suing for its enforcement, was not affected by the fact that its suit to that end was subsequently dismissed. The decision to that effect is conclusive against the defense, interposed by the city's answer, that its suit against the sewer company was primarily for the purpose of ascertaining the cost of the sewer system to which the ordinance referred. In regard to that question it was said, in the opinion by Judge Adkins (162 Md. 461, 160 A. 7): "The city, having filed its bill for specific performance and prayed that the company be required to transfer and assign to the city said sewerage system 'upon the payment by the plaintiff to said defendant of the cost thereof plus interest as may be determined by this court,' and pending the determination of the case having

sought and obtained from the chancellor an injunction restraining the company from performing part of its ordinary functions, is now estopped to say that the option has not been converted into a contract susceptible of specific performance. It could have been on no other theory than that the city had made its election that the chancellor restrained the company for more than two years, and compelled it by injunction to submit to acts of trespass on the part of the city declared to be such by this court in a suit between the same parties— reported in *Salisbury v. Camden Sewer Co.*, 141 Md. 254, 118 A. 662. * * * We do not think the city could institute proceedings for specific performance; allege its willingness and readiness to take over the sewer system under its option; hold up the company pending the proceedings; and then, when the cost is ascertained in accordance with the provisions of the ordinance, change its election. *Covington Gas Light Co. v. City of Covington*, 58 S. W. 805, 22 Ky. Law Rep. 796; *Montgomery Gas Light Co. v. Montgomery*, 87 Ala. 245, 6 So. 113."

It is denied in the city's answer that the cost of the sewer system can be legally and correctly determined. Upon that subject it was said in the former opinion (162 Md. 462, 160 A. 7): "There is no indefiniteness in regard to the price to be paid, as in *Schwaneback v. Smith*, 77 Md. 319, 26 A. 409, and no uncertainty as to the terms. The price to be paid is the cost of the work, and the bill alleges that this is easily ascertainable, and an itemized statement of such costs is filed as an exhibit. Nor was there lacking mutuality after the city made its election. Both parties were then bound, and each was then entitled to specific performance. *Dixon v. Dixon*, 92 Md. 440, 48 A. 152; *Brewer v. Sowers*, 118 Md. 688, 86 A. 228."

By the exercise of the option, and under the terms of the ordinance in which it was reserved, the Mayor and Council of Salisbury acquired the right to assume the ownership of the plaintiff's sewer system "upon paying the cost thereof, and of the laying of the same, with interest to the time of such purchase." The evidence in the record as to

the cost of the sewers does not support the contention that it is not ascertainable. Upon the basis of that evidence, as offered by the plaintiff and not controverted by any proof adduced by the defendant, the auditor should be able to calculate, with a sufficient degree of accuracy, the sum for which the city is obligated. The dates and amounts of the various expenditures for the construction of the sewer system are shown by original vouchers and the testimony of witnesses who supplied the requisite labor and material. When the case was previously before this court, it was held to be unnecessary to prove all of the cost items by entries in the sewer company's books. With particular reference to the cost of the sewer pipe, we said it would be unreasonable "to hold that, because such item did not appear on its books, the company would not be entitled to prove the cost of such item in determining how much the city should pay in the exercise of its option." Any dispute as to the items of cost would require an adjudication as to the true amount, but the suit should not be dismissed upon the theory that the cost of the sewers is not susceptible of determination.

It has been argued that the cost of constructing the plaintiff's sewers should be abated to the extent of the sums it collected from property owners for making service connections with the system. Those charges were for the use of the sewers after their construction and while they were being maintained in serviceable condition. The revenue thus derived by the sewer company could not properly be regarded, as diminishing the actual construction cost which the city contracted to pay.

The defendant, by its answer and supporting evidence, sought to defeat this suit on the ground of inequitable conduct of the present owner of the sewer company's capital stock, who is said to have retained the ownership of the stock after purchasing it in pursuance of an agreement that he would thus acquire it as the city's agent and for its benefit. As to the merits of that controversy, the testimony is conflicting. But it relates to negotiations which occurred eleven years before the city, by its suit for specific performance,

exercised its option to purchase the sewer system of the corporation which is the plaintiff in the present litigation. When this case was considered on appeal from the order sustaining the demurrer to the bill of complaint, it was contended that relief by way of specific performance should be denied to the plaintiff because of alleged inequitable conduct on its part when the city requested information as to the cost of the sewers, reference being made in support of that defense to the record in the city's specific performance suit against the sewer company, which was appealed on the question as to the propriety of its voluntary dismissal at the stage to which it had then progressed. 157 Md. 175, 145 A. 497. It was said by this court that the record referred to disclosed no reason in the conduct of the present plaintiff to disentitle it to the specific enforcement of the city's exercised option of purchase, and the opinion proceeded (162 Md. 460, 160 A. 6): "But, however that may be, the previous conduct of the company was known to the city at the time it filed its bill for specific performance in that case, and with that knowledge the city alleged that it had determined and was ready and willing to exercise its option, and asked and obtained the aid of the court in determining the amount it was required to pay in the exercise of its option." For the same reason the similar defense now asserted must be disallowed, regardless of the question as to whether it would otherwise be sustainable upon the evidence in the record.

> *Decree reversed, with costs, and cause remanded for further proceedings in conformity with this opinion.*