GEORGE CARL SOEHNLEIN, ET UX., *v.* EVERETT
E. PUMPHREY

[No. 19, April Term, 1944.]

*Decided June 13, 1944.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, MELVIN, and BAILEY, JJ.

*T. Hamomnd Welsh, Jr.,* for the appellants.

*J. Dudley Digges,* with whom were *Sasscer & Digges* on the brief, for the appellees.

DELAPLAINE, J., delivered the opinion of the court.

In a suit for specific performance and accounting, George Carl Soehnlein and wife, complainants, allege (1) that Everett E. Pumphrey, defendant, orally agreed on April 13, 1937, to sell them certain real estate in Prince George's County for $2,750, to be paid in instalments of $30 per month; (2) that in reliance thereon they took possession of the property and made substantial improvements, having painted the house twice, extended the excavation thereunder, weatherstripped and screened the house, fenced the property, erected a garage and chicken houses, constructed a driveway, and planted shrubs and fruit trees; (3) that they have paid a total of $2,017, out of which defendant has paid taxes and

insurance premiums, but shortly after the agreement was made they informed' him that they were unable to continue the payments, whereupon he replied that "they could ride the waves and he would ride with them," which was understood as a waiver of periodic payments as long as they would pay as much as they could from time to time; (4) that in May, 1943, they informed him that they wished to pay all arrears, and then for the first time he declared that they were not buying the property but merely renting it, and offered to sell it to them at a higher price without any allowance for the payments they had made; and (5) that while they do not know how much he has paid for taxes and insurance, they offer to pay into court whatever balance is due on the purchase price. The Chancellor sustained defendant's demurrer and dismissed the bill of complaint. Complainants are appealing from that decree.

It is an established rule that an oral promise to convey real estate will be specifically enforced, notwithstanding the Statute of Frauds, where there has been a part performance by the donee in reliance on the contract, whereby he will be defrauded unless the promise is performed. *Moale v. Buchanan,* 11 Gill. & J. 314, 324; *Hohman v. Hohman,* 164 Md. 594, 616, 165 A. 812. Thus, possession of land by a donee in pursuance of an oral gift and the making of permanent improvements in reliance on the gift constitute sufficient part performance to entitle the donee to specific performance of the gift. *Hardesty v. Richardson,* 44 Md. 617, 22 Am. Rep. 57; *Loney v. Loney,* 86 Md. 652, 38 A. 1071. Likewise, continued possession of property in pursuance of a contract of sale together with payment by the purchaser of all or a part of the purchase price constitute part performance sufficient to take the case out of the operation of the Statute of Frauds. *Gorsuch v. Kollock,* 139 Md. 462, 115 A. 779; *Buckner v. Jones,* 159 Md. 679, 152 A. 515; *Boehm v. Boehm,* 182 Md. 254, 34 A. 2d 447, 452. The reason that a court of equity exercises the power to compel specific performance of an oral agreement under such circum-

stances is that otherwise the vendor would be enabled to perpetrate a fraud upon the vendee and thus a statute designed to prevent fraud would operate as an engine of fraud. *Cole v. Cole,* 41 Md. 301, 304; *Miller, Equity Procedure,* Sec. 704; *Neale v. Neale,* 9 Wall. 1, 19 L. Ed. 590; *Walter v. Hoffman,* 267 N. Y. 365, 196 N. E. 291, 101 A. L. R. 919. To merit a decree of specific performance, a contract for the sale of land must be fair, reasonable, and certain in all its terms. *Caplan v. Buckner,* 123 Md. 590, 91 A. 481; *King v. Kaiser,* 126 Md. 213, 94 A. 780; *Bond v. Weller,* 141 Md. 8, 118 A. 142; *Anshe Sephard Congregation v. Weisblatt,* 170 Md. 390, 185 A. 107; *Applestein v. Royal Realty Corporation,* 180 Md. 274, 24 A. 2d 684. Moreover, an oral contract will not be enforced unless the acts of part performance are proved by clear and satisfactory evidence, and refer unequivocally to the particular agreement alleged in the bill. *Semmes v. Worthington,* 38 Md. 298, 327; *Reese v. Reese,* 41 Md. 554; *Hopkins v. Roberts,* 54 Md. 312. It is our opinion (1) that the alleged agreement possesses the elements necessary to entitle complainants to the aid of equity, and (2) that the possession of the property by the purchaser, the payment of $2,017 on the purchase price, and the making of substantial improvements are acts of part performance sufficient to remove the contract from the operation of the Statute of Frauds.

Defendant argued that complainants are not entitled to relief in equity because they stopped paying monthly instalments, and his alleged waiver of periodic payments was indefinite and lacked consideration. The rule has been adopted in this State that when time is expressly declared to be of the essence of a contract of sale, a court of equity will ordinarily not grant specific performance where the purchaser has failed to make payment within the time specified by the contract. *Budacz v. Fradkin,* 146 Md. 400, 126 A. 220; *Tarses v. Miller Fruit & Produce Co.,* 155 Md. 448, 142 A. 522. But if a vendor reserves the right to forfeit the contract in the event of default in payments, but subsequently waives forfeiture

for nonpayment at the stipulated time, he cannot suddenly change his mind and insist upon a forfeiture without giving to the vendee a reasonable notice of his intention to that effect. *Harris v. Troup,* 8 Paige, N. Y., 423. In this case, however, there is no allegation from which it can be inferred that time is of the essence of the contract. The accepted doctrine is that in the ordinary case of contract for the sale of land, even though a certain period of time is stipulated for its consummation, equity treats the provision as formal rather than essential, and permits the purchaser who has suffered the period to elapse to make payments after the prescribed date, and to compel performance by the vendor notwithstanding the delay, unless it appears that time is of the essence of the contract by express stipulation, or by inference from the conduct of the parties, the special purpose for which the sale was made, or other circumstances surrounding the sale. The doctrine is subject to qualifications, one of the most important of which is that the delay must not be willful and must not have worked any harm to the vendor. *Acme Building Co. v. Mitchell,* 129 Md. 406, 99 A. 545; *Stern v. Shapiro,* 138 Md. 615, 114 A. 587; *Brashier v. Gratz,* 6 Wheat. 528, 5 L. Ed. 322; *Taylor v. Longworth,* 14 Pet. 172, 10 L. Ed. 405; 4 *Pomeroy, Equity Jurisprudence,* 5th Edition, Sec. 1408. The reason for this doctrine, as Judge Robinson explained in *Gilman v. Smith,* 71 Md. 171, 173, 17 A. 1035, is that the main object of the contract is the sale of the property for the agreed amount, and since the purchaser is considered in equity as the owner of the property from the time he enters into the contract, the time prescribed for the delivery of the deed is merely one of the formal provisions indicating how the object of the contract is to be attained. In the case before us, the bill alleges that the purchasers agreed to pay a total of $2,750, as well as taxes and insurance and interest calculated on unpaid balances from time to time; and there is nothing to indicate that any important object was to be achieved by monthly payments, or that payment of the precise amount with regu-

larity was considered an indispensable condition precedent to the delivery of the deed. It is, therefore, our decision that time is not of the essence of the contract alleged.

Since time is not of the essence of this contract, the failure of the purchasers to make payments promtly does not of itself deprive them of their right to demand specific performance when they are able to perform their part of the contract, because the court can effectuate the general object of the parties by compelling performance of the contract and ordering the vendees to compensate the vendor for the delay. Ordinarily interest is adequate compensation for loss caused by another's failure to pay money when due. *Wilson v. Herbert,* 76 Md. 489, 25 A. 685; *Jaeger v. Shea,* 130 Md. 1, 99 A. 954. Of course, a court of equity will not enforce a contract specifically when the purchaser has delayed many years before seeking to enforce it, especially when the property has greatly increased in value, or there are circumstances which would make such a decree inequitable. The maxim "equity aids the vigilant rather than those who slumber on their rights" is applicable to parties seeking specific performance of contracts. It is recognized that default and inexcusable laches on the part of a purchaser will be sufficient ground for denial of relief. *King v. Hamilton,* 4 Pet. 311, 7 L. Ed. 869, 875; 49 Am. Jur., *Specific Performance,* Sec. 73. But where the purchaser has not been grossly negligent and invokes the aid of equity in good faith and with reasonable diligence, and the situation of the parties has not changed, the court will not refuse to decree specific performance merely because he was unable to comply strictly with the terms of the contract. *Derrett v. Bowman,* 61 Md. 526; *Mechanics' Bank of Alexandria v. Lynn,* 1 Pet. 376, 383, 7 L. Ed. 185; 1 *Story, Equity Jurisprudence,* 12th Edition, Sec. 775. Unquestionably those who seek specific performance must be willing and ready to perform their part of the contract. *Raith v. Cohen,* 142 Md. 38, 50, 119 A. 700, 704; *Joyce v. Dillon Properties, Inc.,* 181 Md. 664, 29 A. 2d

273. But in this case complainants allege that they were financially unable to continue the monthly payments, but that now they are willing and ready to pay the entire balance due on the purchase price.

It is true that a suit for specific performance is addressed to the sound discretion of the court, and a decree for such relief is not a matter of right *ex debito justitiae*. However, the discretion is not arbitrary, but is controlled by established principles of equity. Where a contract for the sale of real estate is clearly established, and it would be unjust for the vendor to refuse to deliver a deed for the property, it is as much the duty of the court of equity to decree specific performance as it would be for a court of law to give damages for breach of the contract. *Popplein v. Foley*, 61 Md. 381, 385; *Budacz v. Fradkin*, 146 Md| 400, 407, 126 A. 220; *Camden Sewer Co. v. Mayor and Council of Salisbury*, 162 Md. 454, 160 A. 4; *McKeever v. Washington Heights Realty Corp.*, 183 Md. 216, 37 A. 2d 305.

We find it necessary, therefore, to reverse the decree of the Chancellor sustaining the demurrer and dismissing the bill of complaint.

*Decree reversed, and case remanded for further proceedings, with costs.*