Lawrence B. and Harriet F. VOGEL

v.

**NORTHERN ASSURANCE COMPANY, Limited, Appellant,**

and

**Mount Joy Mutual Insurance Company (two cases).**

**Nos. 11314, 11319.**

United States Court of Appeals, Third Circuit.

Argued Dec. 21, 1954.

Decided Feb. 17, 1955.

Rehearing Denied March 15, 1955.

---

Horace Michener Schell, Philadelphia, Pa., for Northern Assur. Co.

William S. Bailey, Harrisburg, Pa. (Ledward & Hinkson, Chester, Pa., Storey, Bailey & Rupp, Harrisburg, Pa., on the brief), for Mount Joy Mut. Ins. Co.

Abe J. Goldin, Philadelphia, Pa. (M. Stuart Goldin, Goldin & Goldin, W. Glenn George, Philadelphia, Pa., on the brief), for appellees.

Before MARIS and GOODRICH, Circuit Judges, and LORD, District Judge.

GOODRICH, Circuit Judge.

This is an appeal from a decision in an insurance case. With a stipulated loss of $12,000 the plaintiff finds himself in the happy possession of a judgment against two insurance companies which

aggregates $15,000. The insurance companies, quite naturally, appeal.

The whole question is one of Pennsylvania law. The property insured against fire was located in Pennsylvania; the insurance policies were written and delivered in Pennsylvania. Our sole problem is to determine as best we can the Pennsylvania law which governs this situation.

The undisputed facts present a question with all the tantalizing niceties of the type which examiners pose to law students. Indeed, the problem of the case can be posed in the form of a hypothetical examination question. Here it is:

S, a seller of real property, (in the actual case a man named Shank) agrees to sell the land to V, the vendee, for $15,000. (The vendee's real name in this case is Vogel so the initials fit happily.) S then takes out fire insurance on the property in the amount of $6,000; V does likewise but in the amount of $9,000. Before S conveys the property to V a fire occurs, damaging the house on the land to the extent of $12,000. V goes ahead and completes his part of the purchase agreement and receives a deed from S. Following this, S assigns to V all of his rights against the insurance company under the policy. V then sues both S's insurer (Northern Assurance Company, Ltd.) and his own insurer (Mount Joy Mutual Insurance Company).[1] Was the district court correct in giving judgment against each company even though the total recovery exceeds the stipulated loss by $3,000?[2]

We start the analysis with the well-settled rule in Pennsylvania, derived from English law, that when a contract to sell land is made the equitable ownership passes forthwith to the buyer. The seller's "title" which he retains until final conveyance is but a "security title" and the risk of loss or advantage of gain is borne by the buyer. Siter, James & Co.'s Appeal, 1856, 26 Pa. 178, cases and authority cited on page 180; Insurance Co. v. Updegraff, 1853, 21 Pa. 513, 519; Reed v. Lukens, 1863, 44 Pa. 200; Hill v. Cumberland Valley Mutual Protection Co., 1868, 59 Pa. 474; Parcell v. Grosser, 1885, 109 Pa. 617, 1 A. 909; Dubin Paper Co. v. Insurance Co. of North America, 1949, 361 Pa. 68, 63 A.2d 85, 8 A.L.R.2d 1393; Heidisch v. Globe & Republic Ins. Co. of America, 1951, 368 Pa. 602, 84 A.2d 566, 29 A.L.R.2d 884; 2 Pomeroy's Equity Jurisprudence § 368 (5th ed., Symons, 1941); 4 Id. § 1161a; 4 Williston on Contracts § 927 et seq. (1936).

The seller with this security title may take out fire insurance to protect his interest. The Pennsylvania decisions say unequivocally that as between the seller and the insurance company the seller is the owner of the property. Insurance Co. v. Updegraff, supra; Dubin Paper Co. v. Insurance Co. of North America, supra. See also Reed v. Lukens, supra, and Heidisch v. Globe & Republic Ins. Co. of America, supra. Of

---

1. The action was originally begun in the Court of Common Pleas of Delaware County, Pennsylvania. Northern, a foreign corporation, removed the case to the United States District Court for the Eastern District of Pennsylvania. The removal took with it the litigation against Mount Joy. See 28 U.S.C. § 1441(c) (1952).

2. The hypothetical statement oversimplifies the fact situation just a little. The actual chronological order of events in this case was as follows: Prior to August 29, 1950, the property was owned by one Riddle who had entered into an agreement of sale with Shank. On August 29, 1950, Shank entered into an agreement

of sale with Vogel. On October 3, 1950, Shank received a deed to the property from Riddle. It was not until October 16, 1950, that Shank made his insurance contract with Northern Assurance Co. The next day, October 17, 1950, Vogel entered into the insurance contract with Mount Joy Mutual Insurance Co. The fire occurred eleven days later, on October 28, 1950, which was prior to the date of settlement. On November 24, 1950, Vogel received the deed to the property after paying Shank the full purchase price. On December 1, 1950, Shank assigned all his "right, title, interest, right of action and claim" that he had against Northern to Vogel.

course, upon the performance of the contract of sale, the seller no longer has an insurable interest. Grevemeyer v. Southern Mutual Fire Ins. Co., 1869, 62 Pa. 340; Light v. Countrymen's Mutual Fire Ins. Co. of Lebanon County, 1895, 169 Pa. 310, 32 A. 439. The Pennsylvania cases demonstrate very clearly, however, that a seller of real estate, having taken out fire insurance, can collect from the insurance company under the policy for a loss occurring prior to the date of settlement. The reason assigned is that the rights and liabilities of the parties to the insurance contract become fixed when the loss occurs. It is not valid argument, according to these authorities, that the seller has suffered no loss because the vendee has later completed the contract of sale and paid the seller. Insurance Co. v. Updegraff, supra; Reed v. Lukens, supra; Dubin Paper Co. v. Insurance Co. of North America, supra. Compare also Heidisch v. Globe & Republic Ins. Co. of America, supra.

So far, so good. Is the insurance money thus collected by the seller his own to do with as he pleases? May he use it to buy himself a new car, give it to a favorite grandchild or otherwise dispose of it as people do who have some extra money? In this particular case S, instead of collecting the money, assigned his rights against the insurance company to V. The district judge indicates that he thinks that S was under no obligation to do this. See Vogel v. Northern Assur. Co., D.C.E.D.Pa.1953, 114 F.Supp. 591. If that were so and this insurance money, or the claim to it, belonged to S free and clear, then his gift of the insurance proceeds to V, or to anybody else, would certainly be none of the insurance company's business. It would simply be a case where a man is allowed to do what he pleases with his own.

■ We think the district court was mistaken on this point because under Pennsylvania law the seller becomes the trustee of the property and rights incident thereto and holds them in trust for the vendee. Insurance Co. v. Updegraff, supra; Reed v. Lukens, supra; Hill v. Cumberland Valley Mutual Protection Co., supra; Parcell v. Grosser, supra. The most recent case in Pennsylvania which involved this point directly is Dubin Paper Co. v. Insurance Co. of North America, supra. In the Dubin case the loss occurred prior to the date of settlement of the contract of sale. The vendee having performed his contract, the seller upon receiving checks from his insurance companies to cover the fire loss returned them to the insurance companies. Then the vendee brought an action in equity against the insurance companies and the seller to compel the insurance companies to pay the proceeds to the seller and to have the court declare that the seller hold the proceeds as trustee for the plaintiff. The problem was discussed at length by Chief Justice Maxey. The conclusion was that the action was well brought and that the plaintiff was entitled to the relief for which he prayed.

■ This decision clearly shows that the insurance money which S collects from the insurance company after he has been paid by the vendee is not his to keep or spend but in equity belongs to the vendee. As we read the Dubin and earlier Pennsylvania cases no other conclusion is possible. So, in this particular instance, when V had complied with the terms of the contract of sale, the proceeds due on the insurance which S had taken out was something to which V was equitably entitled. That means that in this case V (Vogel) may clearly maintain his action against the insurance company which was the insurer on S's contract.

Northern makes two arguments with considerable plausibility. One is that the insurance which S takes out covers only the security title which he has. If he gets his money from the vendee he suffers no loss and should not be allowed to recover anything against the insurance company. Northern also argues that it is entitled to subrogation to the insured's right to the extent that the insured has a claim over and above the amount of his loss. Both of these arguments are pretty good. But in this case the federal court is bound to apply state law as best it

can. The state law has been settled, and firmly settled, against Northern's arguments by the series of decisions which we have already cited above.

Then we pass to the claim of V against his insurer. This insurance policy was taken out by V himself in the amount of $12,000, but contains a three-fourths value clause. There is no doubt that a vendee who has made a contract of sale to buy land can himself take out insurance. Imperial Fire Ins. Co. of London v. Dunham, 1888, 117 Pa. 460, 12 A. 668; Millville Mut. Fire Ins. Co. v. Wilgus, 1878, 88 Pa. 107. This is only common sense; if the vendee bears the risk of loss he certainly has a risk which he can insure against. What is there, then, to prevent V from recovering against the insurance company for the loss which it is agreed took place?

Mount Joy argues that it is excused from paying because there was in the policy a place for the noting of other insurance and the insured gave Mount Joy no information on this. Therefore, it says, this provision being one to guard against fraud in over insurance, it does not have to pay anything. As pointed out by the district judge, however, these policies were taken out on different interests. S took out a policy to protect his interest as seller; V took out a policy to protect his interest as an equitable owner. The settled interpretation of the "other insurance" clause is that the other insurance must be "on the same interest and subject, and against the same risk." 3 Richards on Insurance 1667 (5th ed., Freedman, 1952). The district court was correct in holding the other insurance clause inapplicable.

Furthermore, it is to be pointed out that what S assigned to V was not an insurance policy. He assigned to V his claim against the insurance company for a loss which had already taken place and which left him with a claim against the insurance company. Reed v. Lukens, supra. See also Imperial Fire Ins. Co. of London v. Dunham, supra, 12 A. at page 673; 3 Richards on Insurance 1635. And under the Pennsylvania cases which we have set out above that claim was for the face of the policy, not for the protection of S's security title.

This brings us out to an affirmance of a judgment for $15,000, $3,000 more than the loss. This, it is true, seems incongruous in view of the often stated generalization that fire insurance is indemnity insurance. Vance on Insurance § 14 (3d ed., 1951); 1 Richards on Insurance 3. The incongruity, if there is one, reaches clear back to 1853 in the settled rule in Pennsylvania that the seller can recover fully against the insurance company for a loss occurring between the time of the agreement and final settlement even though the buyer has taken title according to the terms of the contract. We have no doubt that the ingenuity of insurance counsel will draft a provision whereby total recovery can be limited to actual loss if that is an object to be desired. And if this Court has failed in its examination of Pennsylvania law on the subject, it will be compelled to take the course over.

The judgment of the district court will be affirmed.