**John G. SMITH, Jr. and Denise Smith, his wife**

**v.**

**PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY and Transamerica Insurance Company.**

**Civ. A. No. 79–1182.**

United States District Court, W. D. Pennsylvania.

Oct. 30, 1980.

Ronald M. Buick, McKeesport, Pa., for plaintiffs.

Richard W. DiBella, Pittsburgh, Pa., for defendants.

WEBER, Chief Judge.

In this diversity case the plaintiffs are suing for proceeds allegedly owed to them under a homeowners insurance policy issued by the defendant, Prudential Property and Casualty Insurance Company. At present there is before this Court a motion by the defendant, styled motion for partial summary judgment, which seeks to limit the extent of the defendant's potential liability in this case. Specifically, the defendant requests that the Court limit its liability by granting the defendant credit for the prorated share of the loss already paid by another insurance carrier, Transamerica Insurance Company. We believe that the defendant's motion in this case is well taken. Accordingly, we grant this motion for partial summary judgment.

There is little dispute in this case regarding the relevant facts. On October 6, 1977 the plaintiffs, a husband and wife, entered into a real estate sales agreement with Albert and Beatrice Atzenberger. In order to protect their interest in this property the plaintiffs, in turn, obtained a multi-casualty homeowner insurance policy from the defendant, Prudential Insurance. At the same time the property was insured by the Atzenbergers under a policy taken out with Transamerica Insurance Company.

On July 27, 1978, following the sales agreement but prior to the actual conveyance of the property, a fire severely damaged the insured premises, resulting in losses in the amount of $27,141.17.

The plaintiff subsequently filed loss claims with both Prudential and Transamerica. These claims were denied however by both insurance companies. The plaintiffs then brought an action for these insurance proceeds in the Court of Common Pleas for Allegheny County. The action was removed by the defendants to this Court. Following removal of this action to federal court, the parties agreed to the dismissal of Transamerica as a defendant; provided that Transamerica pay its prorated share of the loss to the property in question. The plaintiffs subsequently agreed with the Atzenbergers to waive all claims to these proceeds and the Atzenbergers retained this money.

Now Prudential is before this Court on a motion for partial summary judgment, claiming that its liability for the stipulated loss in this case should be limited to its prorata share; that is, the difference between the total stipulated loss and the amount of that loss already paid by Transamerica.

In support of this motion the defendant relies principally upon the Pennsylvania Supreme Court's decision in *Insurance Company of North America v. Alberstadt*, 383 Pa. 556, 119 A.2d 83, (1956). That case involved a declaratory judgment proceeding brought by two insurance companies to determine their respective liability for losses sustained to a piece of property. The property in question had, at the time of the loss, been sold in a sheriff's sale for delinquent taxes. Legal title to the property did not pass to the purchaser, however, until after the loss occurred. Moreover, at the time of the loss both the former owner of the property and its present purchaser possessed insurance covering the premises. Given these facts, the Pennsylvania Supreme Court was called

upon to determine the rights of the parties under their insurance policies.

The Court concluded that the former owner of the property held legal title as trustee for the purchaser. Therefore the purchaser of the property was entitled to collect proceeds from the former owner's policy in order to cover his loss. The Court limited the amount recoverable, however, to the actual amount of the damage to the property. Moreover, the Court required that this loss "be paid by (both) the insurance companies in the proportion of the amounts of their respective policies...." *Id.* at 562, 119 A.2d at 86. In arriving at this conclusion the Court emphasized that it was seeking to avoid any recovery by the purchaser in excess of his actual loss.

In its response to the defendant's motion the plaintiffs argue that *Alberstadt* does not accurately reflect Pennsylvania's law on this question. Rather the plaintiffs contend that the correct statement of the law of this state is contained in *Vogel v. Northern Assurance Co.*, 219 F.2d 409 (3d Cir. 1955) and *Mecchia v. Lebanon Mutual Insurance Co.*, 75 D & C 2d 434 (1975), aff'd. per curiam, 242 Pa.Super. 638, 359 A.2d 903 (1976). These cases indicate that, when a loss to property occurs between the sale of that property and the actual conveyance of title, two distinct insurable interests exist. First there is the seller's legal title which he holds as security, guaranteeing completion of the sale. Second there is the buyer's interest as the equitable owner of the property itself. Therefore, when a loss occurs both the buyer and the seller can collect on these separate interests, even if the total amount collected exceeds the total loss suffered by the property. However, under Pennsylvania law the seller is considered a trustee of the property and holds it in trust for the buyer. Therefore, under *Vogel* and *Mecchia* ultimately the buyer would be entitled to the full amount of the proceeds paid under both insurance policies, even if that amount exceeds the actual damage to the property.

Applying *Vogel* the plaintiffs argue that they are entitled to hold Prudential liable for the full amount of the stipulated loss and not merely a prorata share of that loss.

We disagree. In large measure the parties have characterized the issue before the Court in this case as one of conflicting state law. We feel, however, that we need not address these apparent contradictions in the law of Pennsylvania. For even if we accept *Vogel* and *Mecchia* as the controlling law in Pennsylvania we would still, on the facts of this case, be required to hold for the defendant.

Admittedly *Mecchia* and *Vogel* generally permitted recovery by the buyer of property in excess of the actual loss sustained to that property. However, in both of those cases the Court's result turned, as it often does, on the language of the policy itself. See, *Vogel*, supra at 413; *Mecchia*, supra at 437. In fact, the Third Circuit in *Vogel* justified the apparent inequity of its decision by stating that careful drafting of the insurance policy would avoid the problem of double recovery. As the Court itself said, "We have no doubt that the ingenuity of insurance counsel will draft a provision whereby total recovery can be limited to actual loss if that is an object to be desired." *Vogel*, supra at 413.

In this case we feel that counsel for Prudential have shown sufficient ingenuity in drafting its policy and have limited total recovery to actual loss. That policy, in pertinent part, reads as follows:

6. Apportionment—Section I:

(a) Loss by fire or other perils not provided for in 6b below:

This Company shall not be liable for a greater proportion of any loss from any peril or perils included in this policy than:

(1) The amount of the insurance under this policy bears to the whole amount of the fire insurance covering the property, or which would have covered the property except for the existence of this insurance, whether collectable or not, and whether or not such other fire insurance covers against the additional peril or perils insured hereunder; nor

(2) for a greater proportion of any loss than the amount hereby insured bears to

all insurance, whether collectable or not, covering in any manner such loss or which would have covered such loss except for the existence of this insurance. Even when we construe this policy strictly against the insurer, as we are required to do under Pennsylvania law, we conclude that these provisions call for proration of liability between the buyer and the seller's insurance policies.

Particularly illustrative on this point is *Mecchia v. Lebanon Mutual Insurance Co.*, one of the cases principally relied upon by the plaintiffs. In *Mecchia* the relevant language of the insurance policy at issue was as follows: "This Company shall not be liable for a greater proportion of any loss than the amount hereby insured shall bear to the whole insurance covering the property against the peril involved, whether collectable or not." This language closely parallels Section 6(a)(1) of the Prudential policy in this case.

· The Court in *Mecchia* concluded that this provision, by itself, was insufficient to establish a right to proration between the buyer's and seller's insurance policies. The court's conclusion rested on the belief that this language was reasonably subject to two different interpretations. Either it could be construed to require proration between buyer and seller or it could be read to demand proration only among the different policies held by the buyer. Because these two equally plausible interpretations existed the court felt that the policy had to be construed against the insurer.

No such ambiguity exists, however, in the Prudential policy at issue here. At the outset we note that the relevant provisions of this policy are stated in the disjunctive. It is apparent, therefore, that Section 6(a)(1) and 6(a)(2) are designed to address distinct problems. If this were not the case then the second clause would simply be surplusage. Accordingly, if we accept the *Mecchia* analysis and conclude that the language of Section 6(a)(1) only requires proration among different policies held by the buyer, then it would follow that Section 6(a)(2) addresses the only other situation where proration is important—i. e., when the property is insured by both the buyer and the seller.

This construction is also supported by the language of Section 6(a)(2) itself. That provision requires the proration of the Prudential policy with "all insurance, whether collectable or not, covering in any manner such loss or which would have covered such loss except for the existence of this insurance." Clearly this language is broad enough to encompass both the buyer's and the seller's insurance. In fact the phrase "in any manner" would seem to specifically include insurance held by persons other than the buyer of the property. For this reason we hold, and so order, that the defendant's motion for partial summary judgment is granted.