STIRN *v.* SEGALL, ET UX.

[No. 369, September Term, 1967.]

*Decided November 5, 1968.*

The cause was argued before HAMMOND, C. J., and MAR-
BURY, BARNES, FINAN, SINGLEY and SMITH, JJ.

*Alexander W. Spedden, Jr.,* for appellant.

*Bernard F. Goldberg* for appellees.

MARBURY, J., delivered the opinion of the Court.

On September 6, 1966, Ephraim S. Segall and Rose F. Segall,
his wife, appellees-purchasers, filed suit in the Circuit Court
for Howard County against the appellant-seller, William F.
Stirn. The bill of complaint sought specific performance of a
contract for the sale of real estate, an injunction, monetary
damages and further relief. A hearing was held in the lower
court on June 19, 1967, before Chief Judge James Macgill. On
July 31, 1967, the chancellor filed a written opinion in which
he stated that he would deny specific performance of the con-
tract but would award the appellees a decree for $3,000.00 by
way of the deposit paid by them under the contract, with in-
terest. On August 29, 1967, by an amended decree Judge Mac-
gill ordered that the interest on the $3,000.00 was to be paid
from April 22, 1966, the date of the contract, to the date of pay-
ment. On appeal, the appellant urges that the lower court erred
in finding that the appellees were entitled to a return of the de-
posit and in providing that interest should be paid from April
22, 1966.

The seller entered into a written contract with the purchasers on April 22, 1966, for the sale of a portion of his property located in Howard County for the purchase price of $26,600.00, of which amount the appellees paid the sum of $3,000.00 as a deposit to be applied toward the purchase price. The contract provided that the balance of $23,600.00 was to be paid as follows: $1,200.00 on or before May 1, 1967, $1,200.00 on or before May 1, 1968, $1,200.00 on or before May 1, 1969, and $20,000.00 to be paid on or before May 1, 1970. It further stated that upon payment of the unpaid purchase money, the seller would execute a deed to the purchasers, and that time was of the essence. Settlement was to take place within ninety days. There was no provision in the agreement for a mortgage, or other security to be given to secure these deferred payments. The contract had been drawn up by Wist Realty, Inc., which was the real estate agent of the seller.

A little over a month after the date of the contract, Mr. Stirn consulted an attorney, Mr. Alexander W. Spedden, Jr., who, on May 24, 1966, wrote a letter to Mr. and Mrs. Segall, the pertinent parts of which are as follows:

"Dear Sir and Madam:

"Mr. William F. Stirn has consulted me concerning a paper dated April 22, 1966, relating to the sale to you of a tract of land owned by him.

"It appears that you want to secure from Mr. Stirn a deed of his property, mentioned in the paper on a payment of $3000.00 cash; then Mr. Stirn is to trust you for the balance of the purchase price, $20,000 of which is not to be paid for four years. No provision is set forth in the document for any security to be given to Mr. Stirn for the unpaid purchase price and nothing therein is provided for the payment by you of interest on the unpaid purchase money. Never in my experience as a lawyer going back many years, have I ever seen anything like this so-called contract; it is outrageous.

"This matter has been taken up by me with Wist Realty, Inc. and the company has secured counsel to represent it; I would suggest that you also consult

counsel about this matter, as Mr. Stirn is not going to give up the title to his property set forth in the so-called contract unless he is paid therefor in cash, or unless he is given a first mortgage on the property containing satisfactory provisions for proper and reasonable dates for any deferred payments agreed upon, with interest thereon.

"I trust you understand the seriousness of this matter."

The Segalls did not reply to this letter, but turned it over to their counsel, Mr. Bernard F. Goldberg. The record does not establish that there was a reply in any manner and Mr. Segall testified that after the contract had been signed he had no further conversations with Mr. Stirn at all.

On July 22, 1966, Mr. Goldberg wrote a letter to Mr. Stirn advising him that the purchasers were ready, willing and able to settle and that settlement on the property had been set for 3:00 p.m. that day. He further stated that efforts to reach Mr. Spedden had been unsuccessful and that if the time set was inconvenient it would be changed. Mr. Raymond W. Griffith testified that he had attempted to deliver the letter to Mr. Stirn, who refused to accept it.

On appeal the seller contends that (1) the purchasers failed to perform the duty imposed upon them to cooperate with him in the manner of providing some security for the deferred installments and because of this failure, he is entitled to retain the deposit as liquidated damages; (2) since the contract provided that time was of the essence the appellees' default prevents a refund of the deposit; (3) the pleadings of the appellee mention nothing about the recovery of the deposit; and (4) the imposition of interest retroactive to the date of the agreement was in the nature of an unwarranted penalty.

As to the appellant's first point, we hold that the appellees did not have any duty to cooperate with the seller in providing him with cash or security by way of a mortgage for the deferred installments. The contract provided that it contained the final and entire agreement between the parties and it did not require any security from the purchasers. In his letter of

May 24, 1966, to the Segalls, appellant's counsel not only sought either cash or a first mortgage on the property but also demanded interest to be paid upon any deferred payments. We find that this letter indicated appellant's intention that he would not fulfill the terms of the contract as written. We further find that the appellees were not obligated to answer the letter. *Cf. Levy v. Baetjer,* 198 Md. 240, 243, 81 A. 2d 644, 645, where the purchasers of realty sought modification of the contract by requesting an extension of time for settlement and the vendors did not respond to their letter. Speaking for this Court Chief Judge Marbury said: ". . . we are aware of no case which states that a party to a contract is under any duty to answer a letter asking for an extension of time . . . ."

The appellant relies upon *Quillen v. Kelley,* 216 Md. 396, 140 A. 2d 517, to support his contention that where a vendee of real property makes a deposit toward the purchase price, and fails to perform the contract, he can not recover his deposit if the vendor is willing to fulfill his part of the agreement. The proposition for which the case is cited is correct, but this statement of the law is not applicable to the instant case. The appellees performed their part of the agreement. They had arranged for settlement on July 22, 1966, by their attorney, Mr. Goldberg. The appellant points out, however, that the settlement date was one day after the ninety day settlement term of the contract and that since "time was of the essence," the appellees were in default. Thus, he maintains that the lower court was in error when it decreed the return of the $3,000.00 deposit. As to the second contention we adopt that portion of Judge Macgill's opinion wherein he stated:

> "It is true that the matter was set for settlement by the attorney for the Complainants ninety-one days after the execution of the agreement. The amount to be paid under the agreement had already been paid and the only acts to be accomplished at the settlement were the execution of the documents and the making of necessary adjustments on the transfer of the property. Under such circumstances it seems a

little ungracious of Mr. Stirn to invoke the time is of the essence clause in view of the fact that he had the money and the Complainants had merely a piece of paper. In any event, since he had announced through his lawyer a little over a month after the date of the agreement that he was not going to perform unless he had the security of a mortgage * * *, and a provision for interest (which he was not entitled to), the setting of a time for settlement was merely a legal ritual or, as the Court of Appeals said in *Liggett Co. v. Rose,* 152 Md. 146, 158, 'a nugatory ceremony'. The Court went on to say that: 'the failure of the appellees to perform their contract by the time designated was caused by the indicated default of the person against whom specific performance is sought, and he cannot now set up a delay caused by his own default to defeat a proceeding rendered necessary by that default.' "

See *Triton Realty Co. v. Frieman,* 210 Md. 252, 123 A. 2d 290.

Appellant's third contention is that the appellees' pleadings do not mention recovery of the deposit and hence the court lacked jurisdiction to decree it. Although appellees' bill did not contain a special prayer for return of the deposit, it did contain a general prayer for "further relief as the nature of these proceedings may require." It is a well established principle that once a court of equity has acquired jurisdiction, it may render a money decree arising out of the issues litigated. *Vermilya-Brown v. Dallas,* 248 Md. 7, 234 A. 2d 569; *Stater v. Dulany, Assignee,* 236 Md. 399, 204 A. 2d 71. The lower court had jurisdiction to award the return of the deposit money.

Appellant's fourth contention is that the imposition of interest retroactive to the date of the contract was in the nature of an unwarranted penalty. While we do not consider the imposition of such interest was in the nature of a penalty, and since the entitlement to the deposit was in dispute between the parties until the chancellor's determination, the date

246

from which interest should run would be August 29, 1967, the date of the amended decree. Accordingly, the decree will be modified to provide for interest to begin as of that date.

*Amended decree modified, and as modified affirmed. The appellant to pay the costs.*